### BOWERY NAT. BANK *v.* WILSON *et al.*

*(Supreme Court, General Term, First Department. May 18, 1888.)*

1. OFFICE AND OFFICER—ASSIGNMENT OF FEES—PROOF OF.

Where a sheriff made a written assignment of his unearned fees for a specified month to secure his promissory note, and after the expiration of that month, while the bills for those fees were under examination in the comptroller's office, on being pushed for payment of the note, stated to plaintiff's agent that he had assigned to plaintiff the money due for those fees, and went with the agent to the comptroller's office in reference to it, this is sufficient to establish a parol assignment, for a valid consideration, of fees already earned, and gives the assignee a good title to the money.

2. COSTS—EXTRA ALLOWANCE—WHEN MADE.

The assignee of the sheriff's claim for fees having brought suit thereon, other persons interposed a claim to the fund, and were, by order of interpleader, substituted as defendants; the money being paid into court. Plaintiff was successful in the action. *Held,* that the general term would not disturb an extra allowance against the defendants, especially where they had wholly failed to disclose the nature of their own claim to the fund.

3. APPEAL—APPEALABLE ORDERS—REFUSAL TO RESETTLE JUDGMENT.

An order refusing to resettle a judgment, and to strike out an extra allowance therefrom, is not appealable.

Appeal from special term, New York county.

Action by the Bowery National Bank against the mayor, aldermen, and commonalty of the city of New York to recover the amount of fees due to Alexander V. Davidson for services as sheriff of the city and county for the month of December, 1885. The complaint alleged a written assignment of such fees by the sheriff to the plaintiff in September, 1885, and also a verbal assignment thereof to plaintiff in January, 1886. A claim to the same fund having been made by John W. Wilson, De L' Orme Knowlton, and John Tully, as receiver of Davidson, an order of interpleader was made, on motion of the city, substituting these claimants as defendants, and the money was paid into court. The plaintiff's cashier testified on the trial: "I had a conversation with Mr. Davidson after this note became due, regarding the receipt of the money by the bank in payment of the note. He said that that money was assigned to us; that he assigned it to us for the payment of this note; that the services were rendered, and the bill being audited. He further said he expected it would be paid, in a day or two, to the bank. I was crowding for the payment of the note. He did not pay it. He wanted us to wait until he could get the money from the city for this assignment that he gave us. He said he gave us these bills, and assigned them to us, for the payment of this note, and that this money was earned. After this I saw the deputy-comptroller. I told him what Davidson had said to me about the assignment of this claim to the bank, and asked him whether it was possible for any one to draw the money except the bank. He said, 'No;' that the check would be made payable to the bank." "The first conversation after the note became due took place at the bank. I think I called once at the sheriff's office, and went over with Davidson to the comptroller's office, in reference to this matter. At this conversation I was pressing for the payment of the note. He said that the money was assigned to us, and it would be paid in a few days." The trial justice found that there was a parol assignment of the sheriff's claims to the plaintiff in January, 1886. Judgment was entered for the plaintiff, with costs, including an additional allowance of $200. The defendants Wilson and Knowlton moved to resettle the judgment by striking out that part thereof which provided for payment of costs by them, and the motion was denied. All the defendants appealed from the judgment, and defendants Wilson and Knowlton from the order denying the motion to resettle the judgment.

The opinion in *Truax* v. *Slater*, referred to in the opinion in this case, is as follows: "VAN BRUNT, J. There is no evidence which establishes to my satisfaction that the written assignment of the claims in question was delivered

to the defendant prior to the making of the general assignment. In fact, the weight of the evidence is against such a delivery. We have next to consider whether or not any valid oral assignment was ever made. The evidence would seem to tend to the conclusion that Mr. Knox never saw Mr. Slater in reference to this parol assignment, but that he left word at Mr. Slater's store that these accounts were assigned. There is no case in the books which has ever given effect to such an attempted assignment. It is undoubtedly true that an assignment may be by parol; but there is no case which holds that such assignment can be in words only, but they all indicate that the attempted assignment must be accompanied by some act evidencing such assignment. In the case of *Waldron* v. *Baker*, 4 E. D. Smith, 440, an assignment in blank was delivered. The court says, in its opinion: 'It was not necessary for a transfer of the claim that the assignment would be in writing; a mere delivery would be sufficient,'—clearly calling for a delivery of the account assigned. In the case of *Sexton* v. *Fleet*, 2 Hilt. 477, the rule laid down is that 'there is no necessity of a written assignment where there is an actual transfer and delivery of the thing in action, with the intent to vest the interest in the transferee.' In the case of *Doremus* v. *Williams*, 4 Hun, 458, the consideration for the assignment was actually paid. In the case of *Risley* v. *Bank*, 11 Hun, 484, a check was given as evidence of the assignment. In the case of *Ford* v. *Stuart*, 19 Johns. 342, there was a written assignment of judgment, but it was not under seal. In the case of *Morange* v. *Edwards*, 1 E. D. Smith, 414, there was a written assignment, but not under seal. In the case of *Hooker* v. *Bank*, 30 N. Y. 83, the rule is stated to be that a chose in action might at law be assigned without writing if there was a valuable consideration, and a delivery of the thing assigned. In the case of *Runyan* v. *Mersereau*, 11 Johns. 534, there was a delivery of the mortgage. In the case of *Mack* v. *Mack*, 3 Hun, 323, there was an actual delivery of the mortgages and the notes claimed to be assigned. The case of *Armstrong* v. *Cushney*, 43 Barb. 340, adopts a more extreme view than any of the preceding cases. In this case a suit was brought upon an account for $144.54. It appears that a note had been given for $100 on the account, and the owner of the account claimed to have transferred the note and balance of account to the plaintiff by delivering the same to him, and it was held that the transfer of the note assigned the portion of the account over and above the $44.54. In the case of *Billings* v. *Jane*, 11 Barb. 620, a promissory note sold and delivered to the plaintiff without indorsement, for a full and valuable consideration, held a good assignment. In most of the cases above cited, the fact that a consideration passed at the time of the alleged parol assignment is considered as a necessary element in determining the validity of an assignment by parol. The defendant in this action paid no consideration, and there was no delivery of anything to him at the time of the alleged assignment, even if we take the most favorable view of the evidence in his behalf. The plaintiff is entitled to the relief asked for, with costs." This judgment was affirmed by the court of appeals, in 86 N. Y. 631. '

Argued before BARTLETT and MACOMBER, JJ.

*Henry D. Hotchkiss*, for Wilson and Knowlton, appellants. *C. W. Cass*, for Tully, appellant. *James R. Marvin*, for respondent.

BARTLETT, J. On or about September 10, 1885, the plaintiff bank discounted the promissory note of Alexander V. Davidson for $4,500, dated August 17, 1885, and payable five months after date. The maker was then sheriff of the county of New York. As collateral security for the payment of the note, the bank took from him, on the same day, in September, a written assignment of all claims which he should have against the county for services rendered as sheriff during the month of December, 1885. The note was not paid. Some time in the early part of 1886, after it had become due, Davidson had a

conversation with the cashier of the bank in reference to the note and his December bills against the county, in which it is claimed he made an oral assignment of the demands mentioned in the previous assignment in writing.   The bank subsequently sued the mayor, aldermen, and commonalty to recover the moneys due the sheriff for services rendered by him in December; and by an order of interpleader the present appellants, who claim the same fund, were substituted as defendants.   The plaintiff succeeded upon the trial, and the defendants have appealed.

We should hesitate to affirm this judgment if, in order to do so, it were necessary to hold that a sheriff might lawfully assign his official fees before they were earned.   *Thurston* v. *Fairman*, 9 Hun, 584.   In the case at bar, however, we are of opinion that the evidence sufficiently establishes a valid parol assignment to the bank after the earning of the compensation.   From the cashier's testimony as to his interviews with Davidson subsequent to the maturity of the note, it appears that Davidson used language manifesting a clear intent to transfer to the bank his claim against the county for the services which he had rendered in the December previous.   His bills for these services were then under examination in the comptroller's office, and Davidson went to the comptroller's office with the cashier in reference to the matter. This was an act in evidence of the assignment, within the authorities cited in the manuscript opinion of the presiding justice of this court in the case of *Truax* v. *Slater*, referred to in the brief for the appellants.   The existing indebtedness was a sufficient consideration for the transfer thus evidenced, and we think it gave the bank a right to the fund in controversy, as against these claimants.   The defendants Wilson and Knowlton complain of the additional allowance made against them; but we cannot say that it was unwarranted, especially in view of the fact that they wholly failed to disclose the nature of their own claim to the moneys in question.   The judgment should be affirmed, with costs.   The order refusing to resettle the judgment is not appealable, and the appeal therefrom should therefore be dismissed, with costs.

MACOMBER, J., concurs.