George W. Brayton, Individually, and as Assignee, etc., Respondent, v. Darwin W. Sherman et al., as Executors, Appellant.

*N. Y. Supreme Court, Third Department, General Term, May 27, 1889.*

1. *Pleadings. Complaint.*—In an action by a general assignee of a firm to recover from an executor the value of certain partnership property and accounts which had been, before the assignments transferred to the testator in payment of, or as security for, the individual debt of one of the partners to said testator, a complaint which alleges that the testator converted to his own use this partnership property, and that after his death his executor, as such converted the same to his own use, does not aver a cause of action for a tortious conversion.

2. *Evidence. Objection thereto obviated.*—It is error for a party to show entries in the account books of the adverse party by the testimony of a witness under objection, to establish an assignment, but such objection is obviated by the objecting party testifying subsequently to such assignment.

3. *Finding. When not reviewed.*—An appellate court will not review a finding of fact, where there is any evidence tending to support the finding, and the case does not state that all the evidence is returned.

4. *Statute of frauds. Delivery.*—The statute of frauds does not apply to an executed sale of accounts exceeding fifty dollars in amount, though verbal, which is accompanied by delivery.

Appeal from a judgment entered upon the decision of the court of special term.

*Esek Cowen*, for appellants.

*L. H. Northrup*, for respondents.

LANDON, J.—The complaint is in behalf of the general assignee for the benefit of creditors of Sheldon & Lawlover, assignors and copartners, to recover from the executor of Augustus Sherman, deceased, the value of certain partnership property and accounts, which before the general assignment, the partners assigned and transferred to said Sherman in payment of or as security for the individual debt of Lawlover, one of the partners, to said Sherman. The complaint alleges that Augustus Sherman converted to his own use this partnership property thus assigned to pay or secure the individual debt due him from Lawlover; and that after A. Sherman's death, his executor, the defendant D. W. Sherman, as executor, converted the same to his own use. Thereupon the appellant urges that the complaint is for tortious conversion, and upon that basis urges objections to the recovery. We need not consider them. The allegations of conversion mean, in the connection in which they are used, no more than that A. Sherman, in his lifetime, took possession under the assignment, of the property assigned to him, and that upon his death his executor, D. W. Sherman, took possession, and upon demand refused to surrender it.

It fully appears upon the evidence that Sheldon & Lawlover, being largely indebted to firm creditors, and contem-

plating an assignment for their benefit, first transferred the property and accounts which are the subject of this action to A. Sherman to secure him upon the individual indebtedness of Lawlover, and then made their general assignment. The value of the assigned property, exclusive of that previously transferred to A. Sherman, was small in comparison with the liabilities of the firm, and of course the firm creditors are injured to the extent that the firm property, was diverted to pay the individual debt of Lawlover. The object of this action is to recover the value of that property, and thus repair the injury.

On the merits, a recovery is the plaintiff's right, and unless some error was made to the prejudice of the defendant, the judgment should be affirmed.

The plaintiff was permitted, in order to show the assignment, to prove, by a witness, the entries in A. Sherman's books, respecting the accounts of Arnold & Lawlover, alleged to have been assigned, notwithstanding the objection that the books were the best evidence. The books were in the possession of the witness, but do not appear to have been produced. This ruling would be a fatal error, but for the fact that the defendant himself subsequently testified to the assignment. The defendant thus obviated his own objection. The defendant testified that he had tried to collect the accounts specified in the list which the plaintiff's witness had transcribed from A. Sherman's books; the accuracy of the list was thus implied. The defendant objects that there is no proof that the accounts represented value. The accounts stated in the list foot up to $509,93. The court found their value to be $509,93. The defendant's exception is, that there is no evidence to support the finding. If there is any evidence tending to support the finding, we need not review the finding itself, since the case does not state that all the evidence is returned. Porter *v.* Smith, 107 N. Y. 531; 12 N. Y. State Rep. 479. The defendant's testimony is that he tried to collect the accounts specified in the list,

and that $145 of them were worthless. There is no evidence returned as to value. The finding as to the value of all the accounts, except the worthless portion, must be sustained, since the defendant furnishes some evidence implying value, and all the evidence does not appear to be returned, but respecting $145 of the accounts, there is no evidence to show value, and hence to that extent the finding is an error of law.

It is further objected that the amount of the accounts exceeds fifty dollars, and therefore should have been transferred by a written instrument. The statute does not apply to an executed sale, accompanied by delivery. The testator accepted the transfer of the accounts, in whatever form made, and the defendant, acting as his agent in his lifetime, and as his executor after his death, has, according to his own testimony, " tried to collect them the best he could," and reports only $145 of them as uncollectible. We may assume that the assignment was an executed one, whatever theoretical difficulty there may be in the delivery of intangible rights of action, and that all of the accounts, except the uncollectible ones, represented the values found by the trial court.

The judgment is modified by deducting, as of the date of its entry $145, and interest thereupon, from June 2, 1882, to that date, and the five per cent extra allowance on the sum deducted, and as modified, affirmed, without costs in this court.

LEARNED, P. J., and INGALLS, J., concur.