REUBEN DOTY AND ANOTHER, APPELLANTS, *v.* ALEXANDER SMITH, RESPONDENT.

*Sale of a chose in action — price over fifty dollars — counter-claim for purchase-price — statute of frauds.*

In an action brought to recover for goods sold, the defendant set up a counter-claim, amounting to $400, the purchase-price of a chose in action, which arose as follows: In 1872 the defendant and one Barnes entered into an oral agreement, by the terms of which the defendant was to build a partition wall, and, in a certain contingency, Barnes was to pay one-half of the expense thereof. Barnes died in 1872. In 1882 the defendant orally agreed with the plaintiffs to sell, and did sell, to them this claim against the estate of Barnes for $400. No requirement of the statute of frauds (2 R. S., m. p. 136, § 3) was complied with upon the sale.

*Held,* that as the price of the claim was over fifty dollars its sale was void.

That the contract was not executed, but executory, for the defendant was, by the assertion of his counter-claim, seeking performance of it upon the part of the plaintiffs, the purchasers, by endeavoring to compel them to pay the price of the chose in action.

Appeal by the plaintiffs, Reuben Doty and Joseph Doty, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Allegany on the 13th day of April, 1891, in favor of the defendant for a recovery of $131.13 and costs, after a trial before a referee.

The action was brought to recover for goods sold. A counter-claim was interposed, setting up a sale by the defendant to the plaintiffs of an amount due to the defendant under an agreement with one Barnes, which was made in 1872. Barnes died the same year. An oral agreement was made in 1882 between the defendant and plaintiffs by which the former agreed to sell the claim to the latter.

*William Spargur*, for the appellants.

*F. B. Church*, for the respondent.

Dwight, P. J. :

The case presents but a single exception, namely, to a ruling of the referee, by which he admitted evidence of an oral agreement between the parties. The agreement was one by which the defendant attempted to sell to the plaintiffs, at the agreed price of $400, a claim of the former against the estate of one Barnes, deceased, for something over five hundred dollars. The claim itself rested in an oral agreement of Barnes, in his lifetime, to pay to the defendant, in a certain contingency, one-half the expense incurred by the latter in building a party-wall between adjoining lots of Barnes and the defendant, and was made the basis of a counter-claim by the defendant in this action. The evidence was objected to by the plaintiffs on the ground that the attempted contract of sale was void by the statute of frauds. (2 R. S., 136, § 3.)

The subject of sale was a thing in action. The statute, so far as applicable to things in action, is as follows :

" Sec. 3. Every contract for the sale of any  *  *  *  things in action for the price of $50, or more, *shall be void*, unless

" 1. A note or memorandum of such contract be made in writing and be subscribed by the parties to be charged thereby ; or

" 2. Unless the buyer shall accept and receive  *  *  *  the evidences, or some of them, of such things in action ; or

" 3. Unless the buyer shall, at the time, pay some part of the purchase-money."

It is conceded that no one of the requirements of the statute was complied with in this case. There was no note or memorandum of the contract; no acceptance or receipt of any evidence of the claim or thing in action, and the buyers have never paid any part of the purchase-money. The referee finds that the sale was executed on the part of the defendant, and that he parted with his title, and that the plaintiffs accepted the transfer of the claim so far as either of those objects could be accomplished by an oral agreement; but this does not advance the discussion in the least, because the question is whether either of those objects can be accomplished at all without compliance with one or another of the requirements of the statute of frauds.

As an original question, and upon the plain reading of the statute, there would seem to be no room for doubt that this contract was void, but counsel for the respondent cites many cases to the effect that a chose in action may be assigned by parol and that the statute applies only to executory and not to executed contracts. Both of these propositions are undoubtedly true, but not necessarily decisive of this case. By the plain reading of the statute, a parol contract for the sale of a thing in action — that is, a contract without note or memorandum in writing — is good, provided some evidence of the thing in action is delivered by the seller, or some part of the purchase-money is paid by the buyer; and in most, if not all of the cases referred to, as cited by the respondent, it was substantial compliance with one or both of the two last requirements of the statute which saved the parol contract from condemnation. This was well shown in the opinion of the court in the case of *Truax* v. *Slater*, which is given at length in the report of the case of *Bowery National Bank* v. *Wilson* (1 N. Y. Supp., 473). In that opinion VAN BRUNT, P. J., reviews briefly a large number of cases thus cited, with the result above indicated. The judgment in *Truax* v. *Slater* was affirmed by the Court of Appeals (86 N. Y., 630), where EARL, J., says: " It is not entirely clear how much must be done to make an effectual assignment of an account (citing many cases) but the better opinion seems to be that an account may be sold like any chattel, and that any agreement which will pass the title to a chattel will pass the title to an account; there must be a valid agreement of sale, based upon a sufficient consideration, and if the price be fifty dollars or over, the statute of frauds must be complied with."

Counsel for the respondent also cites several cases in which expressions have been used to the effect that the statute of frauds applies only to executory and not to executed contracts. (*Dodge* v. *Crandall*, 30 N Y., 304; *Brayton* v. *Sherman*, 5 N. Y. Supp., 602; *Brown* v. *Farmers' Loan and Trust Co.*, 117 N. Y., 273.) But these were cases in which the action was not, like the counter-claim in this case, by one of the parties to the alleged contract of sale or assignment, to enforce that contract against the other party thereto, but by a third party in repudiation of that contract, and to collect or recover the choses in action assigned, or their proceeds.

In *Brown* v. *Farmers' Loan and Trust Company*, the court, by FINCH, J., says : "It is insisted, however, that the sale cannot stand because the contract was void under the statute of frauds. But that statute affects only executory and not executed contracts. It is the rule of evidence where one party or the other is seeking performance or damages for non-performance. It has no office where the contract has been executed on both sides, has been fully carried out by the parties, and requires no aid from the law." The defendant, by his counter-claim in this case, is seeking performance of the alleged contract of sale on the part of the purchaser by the payment of the purchase-price of the chose in action. To that end he requires the aid of the law, and for the purpose of such an action or counter-claim, as said by Judge FINCH, the statute of frauds furnishes the rule of evidence.

We conclude, therefore, that the decisions of the courts have not had the effect, to the extent contended for on the part of the respondent, of abrogating the plain and positive provisions of the statute of frauds; but that those provisions still control in cases of this character, and that the learned referee was in error in admitting the evidence to which objection was made.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

MACOMBER and LEWIS, JJ., concurred.

Judgment appealed from reversed and a new trial granted, with costs to abide the event.