THEODORE PRINCE and Others, Doing Business under the Firm Name and Style of THEODORE PRINCE & COMPANY, Respondents, Appellants, *v.* GEORGE SCURA, Appellant, Respondent.

First Department, June 8, 1934.

*Robert J. McDermott* of counsel [*David A. Ticktin* with him on the brief; *Powers, Kaplan & Berger*, attorneys], for the plaintiffs.

*Irving C. Maltz*, for the defendant.

UNTERMYER, J.   The plaintiffs appeal from so much of an order of the Special Term as denies their motion to strike out the first and third affirmative defenses in so far as they apply to the first cause of action contained in the complaint.   The defendant appeals from so much of the order as grants the motion to strike out these defenses in so far as they apply to the second cause of action set forth in the complaint.   The Special Term held both defenses to be insufficient in law, but held the first cause of action to be

likewise insufficient and for that reason denied the motion to the extent that it related thereto. (*Baxter* v. *McDonnell*, 154 N. Y. 432; *Small* v. *Sullivan*, 245 id. 343; *New Amsterdam Casualty Co.* v. *National Union Fire Ins. Co.*, 236 App. Div. 494.) We agree with the court below that both affirmative defenses are insufficient, but we are of opinion that the first cause of action should have been sustained and that the motion to strike out the defenses should, therefore, have been granted in all respects.

The first cause of action alleges that the plaintiffs are partners engaged in the stock brokerage business as members of the New York Stock Exchange; that between August 30 and December 19, 1929, L. N. Shour & Co., plaintiffs' assignor, at the special instance and request of the defendant, and as his agent, bought and sold securities upon commission; that in connection therewith and pursuant to the agreement of the parties the plaintiffs' assignor also earned interest upon moneys loaned to the defendant, and that for commissions and interest a specified balance remains due. The second cause of action, which the court below held to be sufficient, is upon an account stated arising out of the transactions described in the first cause of action.

We think the first cause of action contains all the elements essential in an action for commissions earned and for interest on money loaned. It alleges the employment of the plaintiffs' assignor as the defendant's agent followed by the rendition of services in the purchase and sale of securities and the loan of money upon which interest has accrued. It alleges that in consequence of these transactions there is a balance due for which judgment is demanded.

The first defense, which was properly stricken out, sets up the Statute of Frauds as a defense to the first and second causes of action contained in the complaint. Since the action is not upon any sale by the plaintiffs' assignor to the defendant but for commissions earned in the execution of the agency and for interest upon money loaned, it is manifest that the Statute of Frauds does not apply. For similar reasons the third defense is insufficient. That defense alleges that the plaintiffs' assignor is a dealer in securities and that it had failed to file in the Department of State of the State of New York the notice required by section 359-e of the General Business Law. For that reason the transactions described in the complaint are alleged to be in violation of law and unenforcible. Section 359-e of the General Business Law, so far as material, provides: " No dealer shall sell or offer for sale to the

public within this state, as principal, broker or agent, any securities issued or to be issued unless and until a notice, to be known as the 'state notice' * * * shall have been filed in the department of state." The causes of action, however, to which this statute has been interposed as a defense do not allege a sale of any securities to the defendant by the plaintiffs' assignor either as principal, broker or agent, nor does the defense so allege. The complaint alleges the purchase of securities by the plaintiffs' assignor for the defendant, as his agent. The transactions, therefore, are neither within the language nor within the intent of the statute which is directed against dealers who, either as principal or agent, " sell or offer for sale " any securities to the public within this State. (*People* v. *Federated Radio Corporation*, 244 N. Y. 33.)

The order in so far as appealed from by the plaintiffs should be reversed, with twenty dollars costs and disbursements, and the motion to strike out the first and third defenses to the first cause of action granted, with leave to the defendant to serve an amended answer within twenty days after service of order with notice of entry upon payment of said costs. The order in so far as appealed from by the defendant should be affirmed.

FINCH, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concur.

Order so far as appealed from by the plaintiffs reversed, with twenty dollars costs and disbursements to the plaintiffs, and the motion to strike out the first and third defenses to the first cause of action granted, with leave to the defendant to serve an amended answer within twenty days from service of order upon payment of said costs. Order so far as appealed from by the defendant affirmed.