ALBERT A. NUDELMAN, Appellant, *v.* THE INSULITE CO., Respondent.

First Department, December 17, 1937.

*Herman M. Frank,* for the appellant.

*William J. O'Connell* of counsel [*Milbank, Tweed, Hope & Webb,* attorneys], for the respondent.

COHN, J. The affirmative defense which was sought to be stricken out pleads the Statute of Frauds.

The complaint sets forth an action to recover the sum of $6,000, with interest from February 26, 1936. It alleges that on January 20, 1936, plaintiff obtained a contract or order, a copy of which is annexed to the complaint, for the sale to the L. B. Reeb Millwork Company of Roselle, N. J., of 1,500,000 square feet of certain material known as " Guardboard," to be shipped beginning March 1,

1936; that on February 26, 1936, he was induced " to turn over " to defendant the contract, and that in consideration therefor defendant agreed to see that shipment of the required material was duly made and also promised to pay plaintiff the sum of four dollars for each 1,000 square feet of material " as his commission," which was " in lieu of the profit which plaintiff would have made upon filling the said order or contract himself or through other sources of supply;" that thereafter defendant shipped all or most of the required material to the buyer in New Jersey, for which defendant has been paid; that plaintiff has received from defendant " no part of the said commission and no sum whatever," and that as a result there is now due to the plaintiff from defendant the sum of $6,000, with interest from February 26, 1936. The answer denies all the material allegations of the complaint, and in addition pleads the defense of the Statute of Frauds, as follows:

" 3. That the alleged agreement set forth in the complaint, if any such agreement was made, was for the sale of goods or choses in action of the value of more than $50; that neither said alleged agreement nor any note or memorandum thereof was ever made in writing and subscribed by the defendant who is sought to be charged thereby or by his lawful agent; nor did the defendant at the time of the alleged sale accept or receive any part of such goods or any of the evidences of such choses in action; nor did the defendant at the said time give anything in earnest to bind the alleged agreement or pay any part of the purchase money for said goods or choses in action."

Appellant urges that the complaint does not allege a sale by him to the defendant either of goods or of a chose in action; that the relationship between the parties is that of employee and employer or that of agent and principal, not seller and buyer, and that, therefore, the Statute of Frauds has no application. The statute relied upon by respondent reads as follows:

" Statute of Frauds. 1. A contract to sell or a sale of any goods or choses in action of the value of fifty dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." (Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571, known as the Sales of Goods Act.)

It seems to us that the complaint sets forth all of the elements comprising the sale of a chose in action of more than fifty dollars in value. Plaintiff " turned over," assigned and sold to defendant

all his rights in the contract he had previously made with the New Jersey company for an agreed price and upon a promise on the part of defendant to perform the contract according to its terms. That a contract right is a chose in action seems quite clear; that our Statute of Frauds applies to the sale of such a chose in action for the price of fifty dollars or more, seems equally clear. (*Truax* v. *Slater*, 86 N. Y. 630; *Doty* v. *Smith*, 62 Hun, 598, 600; *R. & L. Co.* v. *Metz*, 175 App. Div. 276; affd., 219 N. Y. 556; *Parsons* v. *Batchelor*, 233 App. Div. 517; *Talmadge* v. *Spofford*, 41 N. Y. Super. Ct. [9 J. & S.] 428; Williston on Contracts [Revised ed. 1936], § 521.) Williston makes the following observation concerning the sale of intangible property: " As there is perhaps quite as much reason why the transfer of intangible property should be supported by written evidence as the transfer of visible property the Sales Act expressly includes choses in actions, and the Restatement of Contracts states as subject to the Statute contracts to sell all kinds of intangible rights ' whether or not the right * * * is evidenced by writing or token.' " The term " chose in action " includes a contract for the delivery of goods or chattels. (*Bushnell* v. *Kennedy*, 76 U. S. [9 Wall.] 387; *Gulf, C. & S. F. R. Co.* v. *Cities Service Co.*, 273 Fed. 946, 949; *Curnen* v. *Ryan*, 187 App. Div. 6; affd., 227 N. Y. 626.) It has also been defined as " the interest in a contract which, in case of non-performance, can only be reduced into beneficial possession by an action or suit." (*Haskell* v. *Blair*, 57 Mass. 534.)

Plaintiff's statement in the complaint that the payment was to be made to him " as his commission, or at least in lieu of the profit which plaintiff would have made upon filling the said order or contract himself " is a conclusion of law unsupported by the other facts pleaded. Plaintiff was not employed by defendant to obtain the contract nor was he defendant's agent when he obtained it. From the very allegations of the complaint, it appears that plaintiff acting independently secured the contract from the New Jersey company on January 20, 1936, and that it was not until February twenty-sixth of the same year that he was induced by defendant to turn it over. Nowhere is it alleged that plaintiff was employed by defendant in any capacity or that in securing the contract he ever acted as agent of the defendant, or as its employee; nor are any facts set forth from which the existence of a relationship of employer and employee or of principal and agent can reasonably be inferred. There is no merit to the appellant's contention that this action is one for " commissions."

The case of *Prince* v. *Scura* (241 App. Div. 387), cited by appellant, is not in point. There this court held that the Statute of

Frauds is no defense to an action brought by a stockbroker to recover for commissions on the purchase and sale of securities and for interest on moneys loaned as such an action manifestly is not based upon any sale by the broker to the customer.

It is to be noted that the complaint alleges that defendant shipped all or most of the required material to the buyer in New Jersey, for which defendant has been paid. This allegation is denied in the defendant's answer. Of course, the defendant may have so acted with relation to plaintiff's original contract with the Millwork Company of New Jersey as to involve the conclusion that it has taken the contract as owner, in which event it will be deemed to have accepted within the meaning of the statute. (Williston on Sales [2d ed.], § 77.) Proof of this allegation upon a trial may show that the defendant has so acted as to take the transaction out of the Statute of Frauds. Here, however, we are only concerned with the sufficiency of the defense on the pleadings.

As the complaint sets forth a contract of sale of a chose in action of the value of more than fifty dollars, we are of the opinion that by virtue of the express language of the statute, and under the authorities cited, the Statute of Frauds is a good defense to the validity of such a contract. To be available as a defense, the Statute of Frauds must be pleaded. If not pleaded, it will be deemed waived. (*Matthews* v. *Matthews*, 154 N. Y. 288; *Crane* v. *Powell*, 139 id. 379, 383.)

The order should, accordingly, be affirmed, with twenty dollars costs and disbursements to the respondent.

MARTIN P. J., and O'MALLEY, J., concur; TOWNLEY and DORE, JJ., dissent and vote to reverse and grant the motion.

TOWNLEY, J. (dissenting). It is very doubtful whether, to use the words of the complaint, the " turning over " of rights under an executory contract upon which no present cause of action has arisen is the sale of such a chose in action as would bring the transaction under section 85 of the Personal Property Law. This point, however, need not be decided in this case. The pleading is framed on the assumption that if a chose in action has been " turned over " or assigned or sold to the defendant, the defendant has accepted the transfer and furthermore has substantially performed the contract which was transferred to it in so far as the assignee's duty to the original buyer of the lumber was concerned. The theory of the complaint is really, therefore, nothing more than a demand for payment to the extent that the assignee has collected from the original buyer. There can, of course, be a denial of the fact of an assignment of the contract and there is such in this answer. The plea of the Statute of Frauds, however, is no answer to such

a complaint. If the defendant accepted the assignment, the plaintiff has fully performed within the meaning of section 85, assuming its applicability. Any further plea of the statute is meaningless. It cannot be that if in this case defendant purchased the plaintiff's contract and has collected the proceeds, it can retain them because the original transfer was not in writing.

The fact that allegations of collections made by defendant against the contract are denied does not make the Statute of Frauds pleadable either, because plaintiff's rights are not affected by anything except the acceptance of the assignment by the defendant. From that moment plaintiff has fully performed and is not concerned with anything except the proper performance of the assignee's duties. The denials in the answer cannot be considered to make good the affirmative defense. That defense must be an answer to the complaint as pleaded.

The order should be reversed and the motion to strike out the first separate and complete defense should be granted.

DORE, J., concurs.

Order affirmed, with twenty dollars costs and disbursements.