CRUSE $_o$ v. FINDLAY.

(Supreme Court, Appellate Term, First Department. April 27, 1896.)

1. STATUTE OF FRAUDS—ORAL PROMISE TO PAY ANOTHER'S DEBT—VALIDITY.
   Where the agreement is an original one, an oral promise to pay the debt of another is valid.
2. SAME—DEFENSE—PLEADING.
   The statute of frauds must be pleaded as a defense.
3. WITNESS—ADVERSE TESTIMONY—CONTRADICTION.
   A party is not precluded from contradicting the adverse testimony of his own witness, where the matter in dispute is directly at issue in the case.
4. EVIDENCE—CONDITIONAL ADMISSION.
   The admission of plaintiff's evidence, on condition that it be properly connected, is without prejudice, where defendant fails to move that it be stricken out, and brings out testimony on the point in explanation of the evidence in question.

Appeal from Second district court.

Action by Amandus H. Cruse against Robert G. Findlay for work, labor, and services, and materials furnished. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

William C. Reddy, for appellant.

J. Bradley Tanner, for respondent.

BISCHOFF, J. The plaintiff performed certain work upon an experimental device required by one Blanchard, an inventor, and the defendant was sought to be charged with the cost, upon his verbal promise to assume the debt. From the evidence, the fact that there was such a promise, and that the plaintiff performed the work in reliance upon it, appears quite sufficiently; and, while there was a conflict of testimony upon the point, the justice was well authorized to credit the plaintiff's version of the transaction. The fact that the promise was oral does not affect the plaintiff's right to a recovery, since the evidence shows the agreement to have been an original one, and not a collateral assumption of another's debt. Furthermore, the statute of frauds is not available to the defendant,

since it was neither pleaded in defense, nor alluded to upon the trial. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911. There is also sufficient evidence that the work was performed according to the plaintiff's contract, and we cannot say that the preponderance of the proof, upon the conflict of evidence as to its actual terms, is with the defendant. It is true that Blanchard, called as a witness for the plaintiff, testified to an agreement which was contrary to that shown by the plaintiff's own testimony as to the requirements of performance; but the matter thus in dispute was directly at issue in the case, and therefore the plaintiff was not bound by, nor precluded from contradicting, the adverse testimony of his own witness. 29 Am. & Eng. Enc. Law, 812, and citations.

It is claimed that evidence as to former transactions, or of a nature similar to that in suit, was improperly admitted; but it appears from the record that the admission was conditional upon the evidence being properly connected, and the defendant not only failed afterwards to move that it be stricken out, but himself brought out testimony upon the point in explanation of the evidence in question.

We find no prejudice to the appellant in the rulings upon the trial, nor in the final disposition of the case, and the judgment therefore should be affirmed, with costs. All concur.