(17 Misc. Rep. 323.)

### ROOSEVELT et al. v. SMITH et al.

(City Court of New York, General Term. June 30, 1896.)

EVIDENCE—BEST AND SECONDARY—DOCUMENTS IN COUNTERPART.

> Where a-lessee signs a counterpart of a lease, reciting that the lease was entered into between the lessor and the lessee, "in witness whereof, the parties to these presents have hereunto interchangeably set their hands and seals," he is estopped, in an action for rent, to deny that the other counterpart was signed by the lessor, for the purpose of bringing the case within 4 Rev. St. (8th Ed.) p. 2589, §§ 6, 8, requiring leases and other contracts relating to lands to be in writing, and signed by the lessor or party to be charged.

Appeal from special term.

Action by James Roosevelt and others against C. Edgar Smith and others. From a judgment dismissing the complaint, and from an order denying a motion for a new trial, plaintiffs appeal. Reversed.

Argued before VAN WYCK, C. J., and CONLAN and O'DWYER, JJ.

Franklin B. Lord, for appellants.

C. Edgar Smith, for respondents.

O'DWYER, J. The action was brought to recover rent due and unpaid under a certain indenture of lease executed by the predecessors of plaintiffs, in the trust, to the defendants. On the trial the plaintiffs introduced in evidence the counterpart of the lease signed and sealed by the defendants, which lease purports to be entered into between Philip Kissam and others, trustees for John Jacob Astor under the will of William Astor, deceased, parties of the first part, and John A. Payne, C. Edgar Smith, and Henry E. Hunt, parties of the second part, and at the end of said lease is the following admission: "In witness whereof, the parties to these presents have hereunto interchangeably set their hands and seals the day and year first above written." Notice to produce the counterpart of the lease in the possession of defendants was proved, and defendants refused to produce the same, asserting that they never had it in their possession. The complaint was dismissed upon the ground that the evidence produced was not sufficient to sustain the cause of action described in the complaint, in that it was necessary, before plaintiffs could recover, to show a contract, and that the instrument introduced did not do that. It is now insisted by the respondents, in support of the judgment, that the counterpart lease introduced by the plaintiffs is obnoxious to the following provision of the Revised Statutes:

"No estate or interest in lands other than leases for a term not exceeding one year, nor any trust nor power in and concerning lands or in any manner

relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by deed of conveyance in writing subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing." Rev. St. (8th Ed.) p. 2589, § 6.

And, further, that the agreement declared on is within the statute of frauds, which provides:

"Every contract for leasing for a longer period than one year, or for the sale of any lands or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof expressing the consideration be in writing and be subscribed by the party by whom the lease or sale is to be made." Rev. St. (8th Ed.) p. 2589, § 8.

We think it clear that neither objection is well taken. The action was on the defendants' covenant to pay rent, and the counterpart of the lease put in evidence was the direct, primary evidence of that fact. It was also primary evidence of the execution and delivery to the tenants of a lease executed by the landlords, and of the consideration for the covenant to pay rent. In Roe v. Davis, 7 East, 363, where a counterpart of a lease had been offered and received in evidence against the objection that no notice to produce had been given, Lord Ellenborough, C. J., said:

"The acknowledgment of the lessee, under his seal, that he held the premises under his landlord upon the conditions and covenants therein expressed, was sufficient evidence of the holding upon such terms, against one holding under the lease."

See, also, Houghton v. Koenig, 18 C. B. 235.

In Greenleaf on Evidence the rule is stated that:

"When a document is executed in counterpart, each counterpart is primary evidence, as against the party executing it." 1 Greenl. Ev. § 84, note.

In Whart. Ev. § 74, the rule is also stated that:

"Where a contract is executed in counterparts, each party signing only the counterpart by which he is bound, and delivering such counterpart to the other party, each counterpart is primary evidence against the party signing it, and those claiming under him."

In Tayl. Ev. § 426, it is said that:

"When, however, each part is executed by one party only, as often occurs in the case of leases, the two instruments are called 'counterparts,' and each is alternately the best evidence, as against the party sealing it."

The rule is laid down in Steph. Dig. Ev. art. 64, that:

"Where a document is executed in counterpart, each counterpart being executed by one or some of the parties only, each counterpart is primary evidence as against the parties executing it."

In the case of Hallett v. Collins (in the United States supreme court, reported in 10 How. 174, 184) the court said:

"The first objection is that Collins did not sign the indenture or articles of agreement of November 21, 1806, and was therefore not bound to convey to Kennedy, and there was therefore no consideration which could make the deed binding on him. But the deed, on its face, purports to be an indenture, of which Collins, from the nature of the transaction, would be holder of the counterpart signed by Kennedy. The original, which is signed by the grantor, would be in possession of Kennedy, the grantee, who cannot object to the validity of the covenant because a paper is not produced, which, if in existence, is in his own possession. Much less could he be heard to make this allegation after the contract had been executed by his own deed, sealed and delivered in pursuance of it."

The defendant Smith, by executing the counterpart of the lease, admitted the facts therein stated, and the letting by the landlord, and is fully bound thereby, and the plaintiffs have sufficiently proved such facts. An admission is the voluntary acknowledgment by a party of the existence of truth of certain facts. 1 Bouv. Law Dict. 89. Over his signature and seal, the defendant Smith admits that the parties to the lease have thereto interchangeably set their hands and seals. This is an admission of the existence of the fact that the parties of the first part and the parties of the second part have interchangeably set their hands and seals to the lease; that is, the parties of each part have signed one counterpart, each, and then exchanged them. See 2 Burrill, Law Dict. 89, under head of:

"Interchangeably. In the way, mode, or form of exchange. A term constantly used in the concluding clauses of indentures (in witness whereof, the said parties hereto have interchangeably set their hands and seals), and properly imputing, not only an execution by all the parties, but an actual interchange of signatures and seals, and such as takes place in the case of instruments executed in duplicate, or in part or counterpart, where the signatures and seals of each party are affixed to the part given to the other."

Statements contained in deeds are competent evidence against the parties executing them. Demeyer v. Legg, 18 Barb. 14; Hardenburgh v. Lakin, 47 N. Y. 109. The defendant Smith therefore admits a counterpart indenture signed and sealed by Philip Kissam, William Cruikshank, and George Lord Day, as trustees for John Jacob Astor. The plaintiffs having served upon the defendant Smith a notice to produce on the trial the counterpart signed by the landlords, in his possession or under his control, and he having refused so to do, the counterpart lease in evidence, by which the defendant Smith admits the signing and sealing of the parties interchangeably, at once becomes, in any case, the best secondary evidence of the counterpart lease executed by the lessors. The statute of frauds is fully satisfied if there was at any time a contract required by the provisions. Wood, St. Frauds, § 345; 8 Am. & Eng. Enc. Law, 711. Here the existence of the lease signed and sealed by the trustees for John Jacob Astor, etc., is fully established by the voluntary and uncontradicted admissions of the defendant Smith. The statute of frauds places no prohibition on the form, way, or manner of the making of contracts. The parties may still make them in any way they see fit. The statute simply requires that certain agreements shall be in writing. It introduced a new rule of evidence in certain cases, without condemning as illegal any contract that was legal before. The statute of frauds is a shield which a party may use, or not, for his protection, just as he may use the statute of limitations, the statute against usury, and that against betting and gaming. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911. Hence it follows that the defendant Smith, when he signed the counterpart of the lease in evidence, waived the statute of frauds, in this case, by admitting the lease to be signed and sealed by the lessors. And, the lessors having permitted the defendants to enter upon and occupy the premises upon the faith of the counterpart lease signed by the defendants, the defendant Smith

is now estopped from denying the truth of the statements therein contained. Steph. Dig. Ev. § 188; Rubber Co. v. Rothery, 107 N. Y. 310, 14 N. E. 269.

The judgment and order appealed from should be reversed, and new trial granted, with costs to appellants to abide the event. All concur.