(20 Misc. Rep. 286.)

### BLUMBERG v. BEZOZI.

(Supreme Court, Appellate Term. May 27, 1897.)

1. STATUTE OF FRAUDS—PROMISE TO PAY DEBT OF ANOTHER.
   A promise by an assignee for the benefit of creditors to pay personally a debt of the assignor, in order to prevent a threatened action by the creditor to set aside the assignment, is an original promise.

2. EVIDENCE—MATERIALITY.
   In an action for the price of goods alleged to have been sold and delivered to defendant by plaintiff, defendant alleged that he held certain notes of one S.; that S. had made a general assignment to plaintiff, whereupon defendant tendered to S. the notes, which were not then due, rescinded his contract with S., and demanded payment; and that plaintiff then delivered

the goods in suit, and promised personally to pay the difference between their value and the amount of plaintiff's claim, in order to prevent a threatened action by plaintiff to set aside the assignment. *Held*, that it was competent, on the cross-examination of defendant, to ask him if he did not, after the delivery of the goods, deposit the notes in bank, since an attempt to collect the notes would be inconsistent with defendant's account of the transaction.

Appeal from city court of New York, general term.

Action by Isaac Blumberg against Barnett Bezozi. From an affirmance of a judgment entered on the verdict of a jury in favor of defendant (43 N. Y. Supp. 1151), plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Abraham S. Levy, for appellant.

Chas. G. F. Wahle, for respondent.

BISCHOFF, J. This case involved an issue of fact upon evidence of a most conflicting character, and, the matter having been concededly one calling for the determination of the jury, our attention is directed by the appellant only to certain exceptions taken to rulings upon evidence, and, in one instance, to a refusal to charge. We have examined these exceptions, and, were it not for the apparent validity of one which we shall discuss, the judgment could be given support, since, except in this one instance, the rulings were not made to appear the subject of reversible error, in view of the state of the record as to the manner in which some of the exceptions were taken and as to the propriety of others.

The action was for goods sold and delivered, and the issue had to do solely with the facts surrounding the delivery, which was not in itself disputed. In his answer the defendant showed that one Simon had received certain moneys from him upon three promissory notes, which he (defendant) had discounted; these notes maturing, respectively, July 29, 1895, August 27, 1895, and August 30, 1895, and the aggregate of the indebtedness being $1,333. Informed that Simon was fraudulently disposing of his property, he came to him and demanded the payment of the notes; the words of the answer being that he "tendered said notes, and declared to him that he (the defendant) rescinded the agreement between them made, and demanded the payment due thereon." It was further alleged that the defendant was informed of the fact that an assignment had been made by Simon to Blumberg, the plaintiff, of all his (Simon's) goods, and that Blumberg, in view of the defendant's assertion that he would otherwise bring an action to have the assignment or transfer set aside, delivered the goods in suit, and promised, personally, to pay the difference between the value of these goods and the amount of Simon's indebtedness to the defendant upon the notes. The delivery of the goods and the surrounding matters, as alleged, took place upon the 17th of June, 1895. Blumberg's promise to pay the balance thus taken as being due the defendant was made the basis of a counterclaim, and, a reply being served, which accomplished no more than a denial of all the allegations of the counterclaim, the parties went to trial. This counterclaim was withheld from the jury, because viewed as based upon a collateral guaranty of the debt of another. It

45 N.Y.S.—43

clearly appears to us that the plaintiff's alleged promise was an
original undertaking, not within the statute of frauds, and, more-
over, there was a failure to plead the statute by reply (Crane v.
Powell, 139 N. Y. 379, 34 N. E. 911), or to object to evidence given
in support of the promise; and, while this apparent error was not to
the appellant's prejudice, the fact that this counterclaim was both
pleaded and proven becomes to a certain degree material upon the
one serious question which this appeal presents.

Upon cross-examination the defendant was asked: "Q. Didn't
you, long after the 17th of June, deposit those notes in your bank?"
And the question was excluded, under objection to its materiality
and relevancy. We think that the plaintiff was entitled to an an-
swer to this question, since the defendant's dealings with these notes
after the date of the alleged transaction with the plaintiff, which was
claimed to have resulted in the payment or satisfaction of part of
the indebtedness by the delivery of goods and the assumption by
the plaintiff of the remainder, had a direct and material bearing
upon the truth of the defendant's version of the circumstances sur-
rounding the delivery of these goods; these circumstances being the
subject of the sole issue in the case. In view of the flat contradic-
tion by the plaintiff's witnesses of every fact testified to by the de-
fendant as to the agreement under which he claimed that these goods
were delivered, the exclusion of any evidence which served to substan-
tiate the story told for either side was necessarily prejudicial; and
the testimony called for by the question now considered was certainly
material, as tending to show that the defendant's treatment of these
notes was inconsistent with his account of the transaction in the
course of which he received the goods. His demand upon Simon for
payment before the notes were due was consistent only with his
repudiation of them because of Simon's alleged fraud, and his ac-
ceptance of the goods in part satisfaction, together with his reliance
upon the plaintiff's assumption of the remainder of the indebtedness,
was not well reconcilable with a subsequent attempt upon his part
to collect upon the notes. If it be said that the goods were received
only upon account of an indebtedness represented by the notes, the
answer is that the defendant came to trial alleging the plaintiff's
promise to pay the balance over and above the value of the goods,
and this promise was made the basis of his counterclaim, in support
of which claim proof was fully adduced by him. True, if he had
accepted the goods only upon account of Simon's debt, his future at-
tempt to collect the notes, in so far as the balance of the indebted-
ness was in question, might not have been material; but this was
not the situation presented at the trial, where the defendant's posi-
tion was shown to be based upon an entire transaction, involving his
expressed reliance upon Simon's original indebtedness, as paid in
part and assumed in part by the plaintiff; and, if there was such
a transaction, and he relied upon it, his subsequent dealing with the
notes to his intended advantage was a matter which touched the
credibility of the account which he thus gave. While perfectly con-
sistent with the plaintiff's claim that the defendant's possession of
the goods was under an absolute contract of sale, this attempted

collection of Simon's indebtedness upon the notes was a circumstance in contradiction of the defendant's story, and the jury should have had an opportunity of considering it, together with any explanation which might have been given of the fact. The error in the rejection of this evidence was at no time cured, and we must hold that the exception taken presents an unavoidable ground for reversal of the judgment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.