(21 Misc. Rep. 57.)

### AMERICAN GAS CONTROL CO. v. KRAMER et al.

(Supreme Court, Appellate Term.    July 29, 1897.)

EVIDENCE—ADMISSION WITHOUT OBJECTION—PRESUMPTIONS.

Where parol evidence tending to vary the terms of the instrument sued on was admitted without objection, it was proper for the court to consider it in reaching a conclusion.

Appeal from Third district court.

Action by the American Gas Control Company against C. Otto Kramer and others.    From a judgment rendered in favor of defendants, plaintiff appeals.    Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Hastings & Gleason, for appellant.

Frank Thorn, for respondents.

BISCHOFF, J.    This action was brought for the agreed price of two gas-governing machines, installed in the defendants' premises by the plaintiff under a written contract, whereby the defendants promised to pay for such machines should they effect a saving of from 15 to 40 per cent. of gas, the payment to be made "after forty days' fair trial."    Further, it was provided that the saving should be "demonstrated by an actual time test of the same burners consuming an equal number of cubic feet of gas, with and without governor, under full street pressure.    Failing to record above saving, the machines to be removed free of all expense."    Some 22 days after installation of the machines, and 27 days after the date of the contract, a time test, such as provided for, was made, showing an apparent saving of a little more than 15 per cent., and the slips

recording the result were signed by one of the defendants. It it claimed by the appellant.that this was conclusive of its performance of the contract, and that the defendants' subsequent expression of dissatisfaction, upon the ground that the 40 days' trial of the machines showed no actual saving, was without significance. It would seem that this provision for "forty days' fair trial" had some meaning, and that the whole question of the plaintiff's performance was not intended to rest upon a test made before the expiration of that time. It may be that the agreement should be construed as intending that the test was a "demonstration" to which the consumer was entitled, but that the value of the machine, as an economizing agent, should be shown by a continued practical use for the full period stated. Discussion of the subject is not essential, however, in this case, since ample evidence justified the conclusion that the parties had agreed to abide the result of the 40 days' trial as shown by the state of the defendants' gas bills at the expiration of that time, and it was satisfactorily made to appear that the machines, as so tested, had brought about an additional expense, rather than effecting a saving. If this evidence was open to the objection that it tended to vary the written contract, no such objection was raised at the trial, and we are to assume that the plaintiff consented that this proof of the actual agreement made should be received. As admitted to the case, this evidence was properly to be considered by the justice when reaching his conclusion upon the facts (Crane v. Powell, 139 N. Y. 379, 34 N. E. 911); and the result, as based upon that evidence, is found to be unassailable.

Judgment affirmed, with costs.  All concur.