CROUGH v. NURGE et al.

(Supreme Court, Appellate Division, Second Department. October 20, 1899.)

STATUTE OF FRAUDS—PLEADING STATUTE AS DEFENSE—WAIVER.

> Where a written contract is set out in the complaint as the cause of action, and defendant files a general denial, and permits the contract to be proved on the trial by parol evidence without objection, he waives his right to object to the sufficiency of such contract under the statute of frauds.

Appeal from special term, Queens county.

Action by Thomas F. Crough against Ernst Nurge and Sophie Nurge for the specific performance of a contract to sell certain land. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry A. Monfort, for appellants.

Clarence Edwards, for respondent.

WOODWARD, J. This is an action for the specific performance of a contract to sell land, and upon the trial of the action the learned trial court found in favor of the plaintiff, and directed judgment accordingly. From this judgment the defendants appeal, urging, for the first time, that the contract signed by the agent of the owner is insufficient, under the statute of frauds. The facts, as they appear to have been established before the trial court, are as follows: Louis Ott, a real-estate dealer, was employed by the defendants to act as their agent in the sale of a certain farm which had been laid out into city lots, with streets and avenues; the same being portrayed upon a map prepared for the defendants. This map was used in advertising the premises, and the plaintiff visited the office of Ott, and entered into a negotiation for two certain lots. There was a disagreement as to the price, and Mr. Ott visited the defendants, and told them that he had a purchaser for the lots, but that he was willing to give only $1,200 for them. The defendants wanted $2,000, but finally directed Mr. Ott to accept $1,500; and the bargain was concluded between the plaintiff and Mr. Ott, acting as agent for the defendants, at this figure. The plaintiff gave Mr. Ott his check for $25, which was acknowledged by a written memorandum, as follows:

"New York, Borough of Brooklyn, July 28, 1898.

"Received of T. F. Crough the sum of twenty-five ($25) dollars as deposit on two lots, corner Metropolitan avenue and Nurge street, known as and by lot numbers 19 and 20, and adjoining lots sold to V. E. Reich. Price is fifteen hundred dollars ($1,500), payable as follows: 25 per cent. on delivery of deed, and 75 per cent. on bond and mortgage for five years. Deed must be a warranty deed, and delivered on or before October first, 1898. The street known as 'Nurge Street' must be filled in by Mr. Nurge on or before October first next, and the buildings thereon removed. No restriction on said lots.

"$25.00.                                    Louis Ott, Agent for Owner.

"Interest to be five per centum per annum, payable semiannually.

"L. Ott."

These facts were set forth in the complaint, the defendants putting in a general denial, and upon the trial of the action the facts were established by parol evidence without objection on the part of the defendants. They now ask for a reversal of the judgment upon the ground that the agreement does not conform to the requirements of the statute of frauds, because it fails to disclose the principals for whom the agent was acting. It does not seem necessary to determine the sufficiency of the agreement under the statute of frauds, because the defendants have waived all rights under that statute by neglecting either to plead it, or to raise any objection to the introduction of parol evidence to prove the contract. When a contract is set out in the complaint as the cause of action, and the defendant intends to assail it on some special or statutory ground, the general spirit of the system of jurisprudence in this state is not complied with unless notice is given of this intention to the opposing party by the pleadings. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911; Matthews v. Matthews, 154 N. Y. 288, 48 N. E. 531. In the latter case the complaint did not show whether the contract was oral or written; the answer contained a general denial, but did not set up the statute of frauds; and upon the trial the contract was proven by parol evidence, and was an oral contract. This was sustained, the court holding, as in Crane v. Powell, supra, that the oral contract was merely voidable at the election of the party sought to be charged, and that such election must be manifested in some affirmative way. In the case at bar the contract was set out as having been made in writing, and the general denial of the defendants is to be construed as a denial of the existence of the contract alleged; and when evidence was admitted, proving the contract, without objection on the part of the defendants, it was clearly entitled to the same consideration as an oral contract under the same circumstances. We are of opinion that the contract alleged in the complaint was fully established by the evidence of the plaintiff, and that it was of binding force upon the defendants, and should be enforced under the judgment of the court below.

The judgment appealed from should be affirmed, with costs. All concur.