(29 Misc. Rep. 711.)

## STERN v. DOHENY et al.

(Supreme Court, Special Term, New York County. December, 1899.)

PLEADING—ANSWER—LEAVE TO AMEND—NEW DEFENSE.

Where, in an action for specific performance of a contract for the sale of land, defendants must have known the general character of the agreement with plaintiff, and it appeared that they induced plaintiff to incur expense on the faith of the contract, and that they signed the contract and deed, and then refused to consummate the purchase, on being offered a higher price, they were not entitled, in the furtherance of justice, to leave to amend their answers, which denied the making of the agreement, so as to plead the statute of frauds.

Action by Benjamin Stern against George Doheny and others. Motion for leave to amend defendants' answers. Denied.

Hiscock, Doheny, Williams & Cowie, for the motion.

Kurzman & Frankenheimer, opposed.

SCOTT, J. This is an action to enforce the specific performance by the defendants, as vendors, of a contract for the sale of real estate. The complaint alleges an agreement for the sale of the property, without stating whether such agreement was or was not in writing. The answers, as they now stand, consist of general and specific denials that any agreement was ever made. The defendants move for leave to amend their answers by setting up as an additional defense the statute of frauds. The defendants Doheny and Amos are administrators with the will annexed of Lucius Gleason, deceased, and the other defendants uniting in the motion are his adult heirs at law. The reason given for not having pleaded the statute in the first instance, and for wishing now to plead it, is that when the answers were drawn the defendants believed the plaintiff sought to recover upon a written contract, but that, in consequence of certain questions put by plaintiff's counsel to the defendant Doheny upon examination before trial, they now apprehend that plaintiff may intend to rely upon a verbal agreement, to which the statute of frauds cannot be used as a defense unless specifically pleaded. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911. So far as concerns the defendant Doheny, and the defendants whom he represents as attorney, this reason does not seem to be sufficient. He knew all the facts in the case when his answer was drawn, for he was the most active representative of the estate in all the negotiations respecting the sale. He does not even aver that he has become acquainted with any fact since the service of his answer which was not known to him at the time of service. His clients make no affidavits at all. All that Mr. Doheny swears to is that he did not correctly apprehend the full meaning and intent of the complaint, and the possibilities of proof under it, until he was enlightened in that regard by his own examination. The other defendants do not make out a much stronger case. It is true that one of them and one of their attorneys swear that they did not know of the verbal negotiations between plaintiff and the defendant Doheny until apprised thereof by Doheny's examination, and they both say that they also failed to grasp the full possibilities of proof under the

complaint until they gained an intimation thereof from the examination of Doheny by plaintiff's counsel. All these defendants, however, knew enough about the case to feel themselves justified in denying absolutely that any agreement whatever had been made, and they certainly knew that some negotiations had taken place between the plaintiff and Doheny, because at his suggestion each of the defendants had signed, not only a contract for the sale of the property to plaintiff, but a deed of conveyance to him, as well. It also appears from the affidavit of Mr. Cobb, attorney for all the defendants not represented by Mr. Doheny, that he and Mr. Doheny consulted respecting the defense and the answers to be interposed before issue was joined. While it may be true that Mr. Cobb and the heirs whom he represents did not know every detail of the negotiations and correspondence between the plaintiff's representatives and Mr. Doheny, it is impossible that they did not know that there had been some negotiations, or that they were not advised of their general character. They therefore had quite sufficient information regarding the facts to have led them to interpose the defense of the statute of frauds, if they had understood from the complaint the possible theory upon which plaintiff hoped to succeed. Hence this motion resolves itself down to a motion addressed to the discretion of the court, and based upon a misconception by defendants of the theory of plaintiff's action, and of the possibilities of proof under the complaint. This is but slight ground upon which to allow an amendment setting up a new defense, and one which should not be considered as sufficient, unless it appears that to permit such an amendment would be in furtherance of justice. It does not so appear to me in the present case. From the papers submitted on this motion, it appears that the defendants not only accepted the plaintiff's offer for the property, and actually signed both a contract of sale and a deed, but also allowed him to go to considerable expense to procure a valid contract for the purchase of the interests of certain infant heirs, and then refused to consummate the sale, when some one else offered a higher price for the property. I have no intention of prejudging the case, the facts of which may assume quite a different aspect upon the trial. For the purpose of this motion, however, I must consider the facts as they appear from the papers before me, and, so considering them, it would not, in my opinion, be in furtherance of justice to permit the amendment. Motion denied, with $10 costs to plaintiff on each separate motion.

Motion denied, with $10 costs to plaintiff on each motion.