NEW YORK FIREPROOF TENEMENT ASS'N v. STANLEY et al.

(Supreme Court, Appellate Division, First Department. June 9, 1905.)

**1. CONTRACTS—GUARANTY OF PERFORMANCE—ACTION ON—COPARTNERSHIP OBLIGATION—PLEADINGS—DISMISSAL OF COMPLAINT.**

Plaintiff alleged that it entered into a contract, the performance of which was guarantied by defendants, who were partners, and introduced the contract in evidence, together with an indorsement of guaranty thereon, signed with the firm name by one of the partners. It was shown that such partner had no authority to sign the instrument as agent for the other partner, and it was not alleged to be a copartnership agreement. *Held*, that the complaint as to the other partner was properly dismissed.

**2. SAME—VERBAL GUARANTY—EVIDENCE TO PROVE—ADMISSIBILITY.**

The complaint, while alleging that defendants were copartners, did not state whether the contract of guaranty was in writing or verbal, nor that it was executed by defendants as copartners, and the statute of frauds was not pleaded as a defense. *Held*, that plaintiff should have been permitted to prove, under the allegation that defendants guarantied the contract, a verbal guaranty by the partner who signed the instrument.

**3. SAME—STATUTE OF FRAUDS—MUST BE PLEADED AS DEFENSE.**

The statute of frauds must be pleaded as a defense.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, § 363.]

Appeal from Special Term, New York County.

Action by the New York Fireproof Tenement Association against Arthur F. Stanley and George L. Patterson. From a judgment dismissing the complaint, plaintiff appeals. Affirmed as to defendant Patterson and reversed as to defendant Stanley.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Horace A. Davis, for appellant.

Herbert C. Kahn, for respondents.

INGRAHAM, J. The complaint alleges that the defendants were copartners carrying on business under the firm name of Stanley & Patterson, and that on the 8th day of September, 1899, plaintiff entered into a contract with one Heaton, whereby Heaton undertook and agreed to perform certain bell and speaking tube work on plaintiff's premises at Forty-Second street and Tenth avenue, in the city of New York, and that at the same time and as an inducement to plaintiff to enter into said contract defendants guarantied performance of said contract by Heaton in the sum of $1,000; that said Heaton failed and refused to perform said work in accordance with the terms of the contract, and the plaintiff suffered damages to the extent of $969.37, and therefore demands judgment for that amount. The defendants answered separately; the defendant Stanley denying the allegations of the complaint, and alleging that Heaton performed the contract; the defendant Patterson admitting the copartnership, but denying the other allegations of the complaint, and alleging that Heaton performed the contract with the plaintiff, and that the alleged written guaranty was an individual

and several guaranty for the performance of the alleged contract between Heaton and the plaintiff, that this guaranty was signed by the defendant Stanley without the knowledge and consent of the defendant Patterson, and that neither partner was authorized to make such guaranty by virtue of the partnership agreement. Upon the trial the defendant Patterson, called as a witness for the plaintiff, testified that he was in partnership with the defendant Stanley. He was then shown a contract between plaintiff and Heaton, and testified that the defendant Stanley, his partner, signed the name of Stanley & Patterson to the guaranty clause at the end of that agreement; that at the time that instrument was executed the witness was in Canada, and he first heard of it a year and a half or two years afterwards. The contract between Heaton and the plaintiff was then introduced in evidence. It provided that Heaton was to furnish all the materials for the performance of the work according to the specification entitled "Specification for bell and speaking tube work in the 42nd street tenements at 42nd street and Tenth avenue, New York City." At the bottom of that contract is the following:

"We severally and individually guarantee the foregoing contract as called for in specification for Bell and Speaking Tube work, in the penal sum of One thousand dollars.                                         Stanley & Patterson."

Upon this instrument being introduced in evidence, the defendants moved to dismiss the complaint, and that motion was entertained upon the grounds that the guaranty was indefinite, and that it did not guaranty the plaintiff against loss upon the failure of Heaton to complete the contract, but simply guarantied the foregoing contract, as nothing appeared to show that it intended the performance of the contract by the plaintiff or by Heaton. In answer to this suggestion counsel for the plaintiff said:

"It seems to me that that could not possibly have but that one meaning; and we are further prepared to show that at the time this guaranty was written the contractor, Heaton, had signed, and the association, the owner, had not signed, and that is further evidence going to show what the meaning was."

After some further discussion, counsel for the plaintiff said:

"We offer to prove the circumstances under which this guaranty was executed; that is, that the contractor took this guaranty to Messrs. Patterson and Stanley, and told them that, in order to get the contract executed, he would have to have it guarantied by them; that the plaintiff insisted upon that. * * * We will prove the inducement to the defendants."

Whereupon the court interposed:

"You can offer a lot of proof, but you cannot use that proof."

The motion was then granted, to which plaintiff excepted.

As the plaintiff was not allowed to introduce his evidence, if facts alleged in the complaint stated a cause of action based upon the written instrument supplemented by evidence of a verbal contract, the court should have allowed the testimony to be given, and it was error to dismiss the complaint. The allegations of the complaint are that on the 8th day of September, 1899, the plaintiff entered into

a contract with Heaton, and that at the same time, and as an inducement to plaintiff to enter into said contract, defendants guarantied the performance of said contract by said Heaton in the sum of $1,000. The undertaking indorsed on the contract between Heaton and the plaintiff was signed by the defendant Stanley, and by it the defendants "severally and individually guaranty the foregoing contract as called for in specification for bell and speaking tube work, in the penal sum of one thousand dollars." This, upon its face, was not a firm obligation, but a several and individual one. It is clear that no action against the partnership could be sustained. The plaintiff's evidence showed that Stanley had no authority to sign the instrument as agent for Patterson, and it is not alleged to be a copartnership agreement. The complaint, as to Patterson, was therefore properly dismissed.

The remaining question is whether the plaintiff, upon the allegations of the complaint, was entitled to prove a verbal guaranty, or a guaranty partly verbal and partly in writing, by which the defendant Stanley guarantied the performance of the contract by Heaton. The complaint does not allege whether the contract of guaranty was in writing or verbal, and the statute of frauds was not pleaded as a defense. The plaintiff claimed that he could have supplemented the written instruments by testimony to show that Stanley did guaranty the performance of the contract by Heaton. While it is alleged in the complaint that the defendants were copartners, the contract of guaranty is not alleged to have been executed by the defendants as copartners. Under this allegation, I think, the plaintiff should have been allowed to prove a verbal guaranty by Stanley. It is now settled in this state that the statute of frauds must be pleaded as a defense. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911; Sanger v. French, 157 N. Y. 213, 51 N. E. 979; Matthews v. Matthews, 154 N. Y. 288, 48 N. E. 531. If the plaintiff therefore can prove a verbal undertaking by Stanley to guaranty the plaintiff against loss by the failure of Heaton to complete the contract, I can see no reason why, upon proof, or such a verbal agreement, supplemented by this individual promise of Stanley indorsed upon the contract, a cause of action against Stanley would not have been established against him. For this reason I think the judgment in favor of Stanley against the plaintiff must be reversed.

It follows, therefore, that the judgment in favor of Patterson must be affirmed, with costs; and the judgment in favor of Stanley must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur; PATTERSON, J., in result.