(50 Misc. Rep. 306)

### LATHAM v. WOODWARD.

(Supreme Court, Appellate Term.   April 24, 1906.)

LANDLORD AND TENANT—TENANT HOLDING OVER—AGREEMENT FOR TERMINA·
TION—EVIDENCE—SUFFICIENCY.

In an action for rent against a tenant holding over for a year after the expiration of the term of his written lease, examined, and *held* not to justify a finding of a verbal agreement for the termination of the tenancy before the expiration of the year.

Bischoff, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Henrietta A. Latham against Robert S. Woodward. From a judgment for defendant, plaintiff appeals.   Reversed, and new trial granted.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Z. Melville Knowles, for appellant.

H. A. Cushing, for respondent.

SCOTT, P. J.   I am not disposed to assent to the affirmance of this judgment, as the testimony upon which it rests is too doubtful to be relied upon.   The action is for rent of a house for July, August, and September, 1905.   The defendant first became a tenant under a written lease for three years from October 1, 1899.   That lease was renewed by an interchange of letters from October 1, 1902, to October 1, 1903.   No second written renewal was had, but defendant continued to occupy the house after October 1, 1903, thus becoming a hold-over tenant for a year, or until October 1, 1904.   After that date he continued to occupy the house, and consequently became again a hold-over

tenant for a year, unless his term was shortened by the agreement he relies upon. The defendant's testimony is that on June 1, 1903, he wrote to plaintiff that he would like to keep the house until May or June, 1905, and then surrender it. No written reply to this proposition was made by plaintiff. Defendant relies upon a verbal acquiescence, concerning which his testimony is not very convincing, and which plaintiff absolutely denies. That she ever acquiesced seems to. be inherently improbable, as no reason suggests itself why she should agree two years ahead to have her house left tenantless at a time when it was practically certain that she would lose three months' rent. The agreement, if made as defendant testifies, was undoubtedly void under the statute of frauds, but the plaintiff for some reason did not take that objection below. Passing that point, however, I think that such an improbable agreement as defendant relies upon should not be sustained, except upon proof much stronger and more convincing than was presented in this case.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

TRUAX, J., concurs.

BISCHOFF, J. (dissenting). There is no ground for our disturbing this judgment. The plaintiff's claim for rent was based upon the theory that the lease continued from October 1, 1904, to October 1, 1905, through the tenant's remaining in possession after October 1, 1904. It appeared, however, from testimony which the justice was well authorized to accept, that in June, 1903, the parties had orally agreed that the tenancy should end July 1, 1905. When this agreement was made the defendant was in possession as a tenant, whose term was to endure until October 1, 1903, and proof of the oral lease from that date to July 1, 1905 could, we may assume, have been assailed as in contravention of the statute of frauds; but all the evidence upon the subject was received without objection, except that in one instance, after the matter had been fully testified to, an objection was made to a responsive answer upon the ground that oral proof of the lease was not competent. At no time was the court asked to make any actual ruling, in accordance with the claim now asserted, that the oral lease was void, and thus the plaintiff, by acquiescence at the trial, waived any available objection to the contract and the mode of proof. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911.

The judgment should be affirmed, with costs.