HENRY E. ACKLEY, Respondent, *v.* CHARLES K. SKINNER, Appellant.

(County Court, Nassau County, November, 1909.)

Frauds, Statute of: Promise to answer for debt, default or miscarriage of another — Assumption of seller's debt by purchaser of debtor's property: Requisites and sufficiency of writing — Writings constituting memoranda — Separate writings: Pleading, evidence and trial — Pleading statute as a defense — Necessity.

A promise by defendant, as part of the consideration of the purchase of a business, to assume the debt of the seller for goods sold and delivered is an original undertaking and not a promise to pay the debt of another.

Where, upon the trial of an action upon said promise, there is sufficient legal evidence to justify a finding that the sale of the business and the execution of a written instrument by defendant expressing the consideration were parts of the one transaction,

the proof takes the case beyond the Statute of Frauds, and a judgment for plaintiff will be affirmed.

The Statute of Frauds to be available as a defense must be pleaded.

APPEAL from a judgment, rendered by a justice of the peace, against the defendant for sixty-three and sixty-seven-one hundredths dollars.

The complaint alleged a sale and delivery of merchandise to one Van Houten of the value of fifty-nine and twenty-two one hundredths dollars, and " thereafter and for a valuable consideration the above named defendant assumed said indebtedness, and agreed and promised to pay to the plaintiff the said sum of fifty-nine and twenty-two one hundredths dollars."

The defendant denied that he had any knowledge or information sufficient to form a belief as to the sale and delivery of the merchandise, and the assumption of the indebtedness and the promise to pay the plaintiff.

Upon the trial it was proved that the plaintiff sold and delivered the goods of the value stated to Van Houten, who also testified that the defendant was to pay all bills due the plaintiff and that the payment of plaintiff's bill was part of the purchase price upon the sale of the business made by Van Houten to the defendant.

The following written statement was proven to have been executed by the defendant and was put in evidence:

" HEMPSTEAD, N. Y., *April 6th,* 1909.

" This is to certify, that I, Charles K. Skinner, have this 6th day of April purchased the business in Subway Inn, 14 Greenwich Street, Hempstead, N. Y., from Rudolph Van Houten and I agree to assume the debt to Pflug & Ackley of $59.

" Witness CHARLES K. SKINNER.
" WILLIAM H. ACKLEY."

At the conclusion of the plaintiff's case the defendant moved to dismiss the complaint on the ground that the plaintiff had failed to establish a cause of action against the de-

fendant. The motion was denied and the defendant rested his case.

Francis B. Taylor, for appellant.

. Maxson & Jones (Walter R. Jones of counsel), for respondent.

JACKSON, J. I do not think this is a case in which the Statute of Frauds applies. It is not the case of special promise to pay the debt of another.

It is the case of an original promise by the defendant to pay his own debt incurred in purchasing a business.

Following the doctrine of Lawrence v. Fox, 20 N. Y. 268, it is immaterial whether the consideration which the defendant promised to pay for the business was to be paid to the person from whom the business was bought by him or to a third person, in this case the plaintiff in this action.

Even if this view of the case were not correct, the Statute of Frauds would not be available to the defendant, for the reason that he has not pleaded the defense. Crane v. Powell, 139 N. Y. 379.

Furthermore, I think the written instrument proved was sufficient to take the promise beyond the statute; that a consideration appears expressed in the instrument, and that there was sufficient legal evidence before the justice to warrant him in finding that the sale of the business referred to and the execution of the writing were, if not simultaneous, parts of one transaction.

The judgment should be affirmed.

Judgment affirmed.