JULIA M. CRANE, Respondent, *v.* SENECA D. POWELL, Appellant.

The provision of the Statute of Frauds (2 R. S. 135, § 2) declaring contracts void, which by their terms are not to be performed within one year, unless in writing, does not prohibit the making of an oral agreement; it simply creates a new defense and introduces a new rule of evidence, *i. e.*, it requires that the agreement shall be proved by a writing.

If the defendant, in an action for breach of a contract within the statute, desires to avail himself of the benefit of the statute, he must plead it. If the defect appears on the face of the complaint, the defense must be interposed by demurrer (Code Civ. Pro. § 488); if it does not so appear, it must be presented by answer. If the objection is not taken either way, defendant will be deemed to have waived it.

Where, therefore, in an action upon an alleged contract, which, by its terms, was not to be performed within one year, defendant did not plead the statute, and permitted plaintiff to prove without objection a verbal agreement to the effect set forth in the complaint, *held*, that a motion to dismiss the complaint on the ground that the agreement, not being in writing, was void under said statute, made at the close of plaintiff's evidence, was properly denied.

(Submitted April 26, 1893; decided October 3, 1893.)

APPEAL from judgment of the Court of Common Pleas for the city and county of New York, entered upon an order made June 9, 1892, which modified and affirmed as modified a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for an alleged breach of contract.

The facts, so far as material, are stated in the opinion.

*Henry Major* and *O. Godfrey Patterson* for appellant. The contract plaintiff claimed to have made was a mere oral agreement to provide the defendant with furnished rooms at her boarding house. A contract of this kind is not a lease of lands or of any interest in lands, and does not create the relation of landlord and tenant. (*Wilson* v. *Martin*, 1 Den. 602; *White* v. *Maynard*, 111 Mass. 250; *Oliver* v.

*Moore,* 53 Hun, 472; *Shallies* v. *Wilcox,* 2 id. 419.) The contract testified to by plaintiff was made in October, 1887, but was, by its terms, not to be performed until November 1, 1888, more than a year from the making thereof. It was, therefore, within the Statute of Frauds, and void by the provisions of that statute, because not reduced to writing. (4 R. S. [8th ed.] 2590; *Oddy* v. *James,* 48 N. Y. 685; *Wanamaker* v. *Rohmer,* 23 Wkly. Dig. 60; *Little* v. *Wilson,* 4 E. D. Smith, 422; *Nones* v. *Homer,* 2 Hilt. 116; *Levison* v. *Stix,* 10 Daly, 229; *Amburger* v. *Marvin,* 4 E. D. Smith, 395; *Blank* v. *Littell,* 9 Daly, 268; *Nahl* v. *Barnum,* 116 N. Y. 98; *Sutcliffe* v. *Atlantic Mills,* 13 R. I. 480; *Snelling* v. *Lord Huntingfield,* 1 C., M. & R. 19; Wood's Statute of Frauds, 487, 488.) At the trial the defendant made a motion to dismiss the complaint, and also another motion for the direction of a verdict in his favor, on the ground that the contract testified to by the plaintiff appeared to be invalid under the Statute of Frauds on the face of her testimony. The court conceded that the case was within the statute, but denied the motions on the ground — as may be inferred from the charge — that the defendant had not pleaded the statute, and could not avail himself of it under a general denial. This was error. (*Milbank* v. *Jones,* 127 N. Y. 370, 375; *Russell* v. *Burton,* 66 Barb. 539; *Oscanyan* v. *A. Co.,* 103 U. S. 261; *Cary* v. *W. U. T. Co.,* 20 Abb. [N. C.] 333; *Blank* v. *Littell,* 9 Daly, 268; *Gibbs* v. *Nash,* 4 Barb. 451; *O. Bank* v. *Rost,* 3 Paige, 480; *Champlin* v. *Parish,* 11 id. 405; *Elting* v. *Vanderlyn,* 4 Johns. 239; *Alger* v. *Johnson,* 6 T. & C. 632; *Harris* v. *Knickerbocker,* 5 Wend. 638; *Marston* v. *Sweet,* 66 N. Y. 206; *May* v. *Sloan,* 101 U. S. 232, 237; *Dunphy* v. *Ryan,* 116 id. 495; *Quinlan* v. *Raymond,* 14 Daly, 87; *Doyle* v. *Beaupre,* 17 N. Y. Supp. 287; *Myers* v. *Dorman,* 34 Hun, 115; *White* v. *Rintoul,* 108 N. Y. 222.) There is no unfairness in holding that the Statute of Frauds may be taken advantage of under a general denial. A general denial gives notice to the adverse party that he must be prepared to establish his case by competent legal evidence, and that where

a writing is necessary for that purpose, he must be ready to prove it. The special plea of the Statute of Frauds can do no more. (*Siedenbach* v. *Reilly*, 111 N. Y. 560.)

*John W. Weed* for respondent. The defense of the Statute of Frauds is not available to the defendant, because it was not pleaded. (*Porter* v. *Wormser*, 94 N. Y. 450; *Hamer* v. *Sidway*, 124 id. 548; *Mills* v. *Monihan*, 129 id. 161.) Even if the agreement were made in October and was not to commence until November first, still the plea of the Statute of Frauds would not be available, because the agreement was one for the use and occupation of premises for the purpose of carrying on the business of a physician, and constituted a lease. It was not a contract for board and lodging. An oral lease for the term of one year, to commence *in futuro*, is good under the statute. (St. Frauds, § 8; *Ambler* v. *Skinner*, 7 Robt. 563.) The surrender of the premises in question by the plaintiff to her landlord on the third of July following the defendant's abandonment of them on the first of June does not derogate from her right to claim the damages which she has sustained by the defendant's breach of his contract. The defendant's motions to dismiss on this ground are not tenable. Also his exceptions to the charge and to the refusal to charge his third request to charge, cannot be sustained. (*Cornwall* v. *Haight*, 21 N. Y. 465; *Howard* v. *Daly*, 61 id. 370.)

O'BRIEN, J. The plaintiff recovered damages for the breach of an agreement, which, on the trial, appeared to be oral. The complaint alleges that the plaintiff, in the month of October, 1887, was in the possession under a lease of a house in the city of New York, and that she entered into an agreement with the defendant whereby the defendant leased from her, for the term of one year from the first day of November, 1887, the two front rooms on the second floor, and the back parlor and extension room, with the use of the front parlor on the first floor, with board and attendance to be furnished during the time by the plaintiff for the defendant and his assist-

:ant or associate in business, for the sum of $3,250, payable in
,equal monthly payments of $270.83 in advance. The defend-
,ant was a practicing physician, and the rooms were intended,
in part, at least, to serve the purpose of an office, in which the
defendant was to carry on his business. The defendant, in
pursuance of this agreement, entered into and took possession
of the rooms, and used them for the purpose intended, and he,
,and his associate were furnished with board and attendance
until the month of June, 1888, when, without the consent of
the plaintiff, he abandoned the premises, and refused to further
perform the agreement on his part, though the plaintiff was
:at all times ready and willing to perform on her part. It was
,also stipulated, as a part of said agreement, that the defendant,
for the purpose of his business, should have the privilege of
,affixing in a suitable place on the front of the house, his busi-
ness sign, and that in pursuance of that right, conferred by
the agreement, he did affix, upon taking possession on the first
,of November, at the side of the front door, a metallic sign
·with his name and professional business upon it, and also words
:and figures indicating when he could be found by patients and
,callers at his rooms in the house. The judgment appealed
·from was recovered by the plaintiff as damages for a breach of
this agreement. It appears that he paid the stipulated monthly
payments only up to June 1, 1888, and the plaintiff claims
·that on or about July 1 thereafter, in consequence of the
defendant's refusal to further perform his agreement, her home
and business was broken up and she was obliged to surrender
her lease, which then had about two years to run, to her land-
lord. The jury allowed the plaintiff for the month of June
·the whole of the monthly payment, but the General Term
·modified the damages for that month by deducting what it
would actually cost the plaintiff to furnish board for two per-
·sons during that time, and for the four remaining months of
the time the plaintiff recovered only the profits which she
would have made had the defendant performed. The defend-
,ant's answer admits that during the time he was engaged in
,business as a physician, and that the plaintiff, at the time of

the alleged agreement, was the lessee of and in possession of the house, and all the other allegations of the complaint were denied, but no other defense was pleaded. At the trial it appeared that the contract sued upon was not in writing, but the defendant made no objection to oral proof to establish it, and the plaintiff was permitted, without objection, to testify to a verbal agreement to sustain the allegations of the complaint. When the plaintiff rested, however, and again at the close of the case, the defendant moved to dismiss the complaint, on the ground, among others, that as the agreement was not in writing, and as it was not to be performed within one year from the making thereof, it was void by the Statute of Frauds. The court refused to rule in accordance with this request, and the defendant excepted. The defendant, in his own behalf, testified that there was no time specified for the duration of the agreement, and there was a sharp conflict in the evidence between him and the plaintiff, who claimed that it was to last for one year. The plaintiff's version of the transaction was sustained in some degree by circumstances and by proof of admissions claimed to have been made by the defendant. That question was submitted to the jury by the learned trial judge, with proper instructions, and the verdict must be taken as a conclusive determination of the issue. But the learned judge distinctly ruled and charged the jury that the defendant was in no position to urge the invalidity of the contract under the Statute of Frauds, by reason of his omission to plead that defense, and to the ruling and the charge to the same effect there was an exception. The result in the courts below thus turned upon the omission of the defendant to plead the statute, and the first and perhaps only question presented by the appeal is one of pleading. Preliminary to that question it should be observed that contracts that by their terms are not to be performed within one year were valid at common law, though not in writing, but the statute enacted that thereafter such agreements should be void unless reduced to writing, and, therefore, a new defense was created with respect to such agreements as were within

the statute. The Statute of Frauds does not prohibit the making of any agreement in any way that the parties may see fit nor render them illegal or immoral if not made in some particular way. It simply requires that certain agreements must be proved by a writing. It introduced a new rule of evidence in certain cases without condemning as illegal any contract that was legal before. The vital fact that was in issue in this case was whether the agreement set forth in the complaint was made. The jury found that it was and it might be a question whether this court can review that finding upon the record as it stands. The motion to dismiss the complaint presents the question whether there was any evidence of the contract and nothing else. If there was any proof to establish the agreement sued upon or tending to establish it (within the rules sanctioned by this court) then the finding is beyond the power of review and is conclusive. A material fact may sometimes be found by a jury upon other than strictly legal evidence. When proof is offered to establish it that is not of the quality or character required by law, and it is not objected to, the other party is deemed to assent to another mode of proof of an inferior or secondary nature, and when such proof is in the case the error, if any, is not reached by a motion to dismiss the complaint. Now, the plaintiff in this case gave proof of an oral agreement which showed that the minds of the parties met, and that there was mutual assent with reference to the subject-matter, and this is ordinarily the very essence of a contract. It tended to sustain the complaint as the defendant did not elect to insist upon the statutory form of proof, but virtually assented to the mode of proof that had always been sanctioned by the rules of the common law. Under these circumstances, it seems to me that we cannot say that the finding of the jury is without any evidence to sustain it, or that the defendant's exception to the refusal of the trial judge to dismiss the complaint is good.

In *Flora* v. *Carbean* (38 N. Y. 111), it was held that where testimony tending to establish a material fact, although incompetent in its nature, is received without objection, the party

has a right to insist upon the facts shown thereby or based thereon. (*Sharpe* v. *Freeman*, 45 N. Y. 808; *Matter of Yates*, 99 id. 101.)

So it was held in *Howard* v. *Sexton* (4 N. Y. 157), that a witness might be convicted of perjury in falsely swearing to a parol promise within the Statute of Frauds, although that mode of proof would have been incompetent if objected to.

Judge GARDNER, in the opinion of the court, remarked : " The evidence was material, for it proved the promise. It was not, perhaps, competent, if the objection had been taken in season. All secondary evidence becomes incompetent if objected to. But if the parties choose to rely upon it, a witness is not thereby absolved in conscience or law from his obligation to speak the truth." The defendant's contention upon this appeal cannot be sustained, unless we hold that the plaintiff's testimony, showing an agreement by parol, amounted to nothing and must now be treated as if not given. The experience of any one familiar with trials in the first instance is that nothing is more common than to give proof of facts, which is not strictly competent, but which, if not objected to, may be the basis for findings which are beyond the power of this court to review. The defendant's exception to the refusal to dismiss the complaint raises no question here, except the presence in the record of any evidence whatever for the consideration of the jury upon the issue raised by the answer as to whether the agreement alleged in the complaint was made or not. There were, according to some of the cases, two methods in which the defendant could have raised the question that he is now seeking to review, namely, by objection to the proof given, or by specifically pleading the Statute of Frauds as a defense. But he has omitted to avail himself of either the one or the other. When the statute is set up as a defense, the objection to any other mode of proof than that required by the statute is to be deemed as made in advance, and the defendant may raise the question at any time before the case is submitted to the jury. If the defendant neither pleads the statute nor objects to what may be called the common-law

proof of the agreement, it ought to be held, I think, even upon the authority of the earlier cases, that he has waived the objection.

These views are confirmed and illustrated by the application of a principle which is settled beyond debate. When the complaint alleges a verbal agreement within the statute, and the defendant, by his answer, admits it without pleading the statute as a defense, he is deemed to have waived its benefits. (*Cozine* v. *Graham*, 2 Paige Ch. 177; *Vaupell* v. *Woodward*, 2 Sandf. Ch. 143; *Harris* v. *Knickerbacker*, 5 Wend. 638; Brown on St. of Frauds, §§ 135, 508; *Duffy* v. *O'Donavan*, 46 N. Y. 226; *Marston* v. *Sweet*, 66 id. 206.)

Now, all that the defendant admits in such a case is the existence of a verbal agreement, void by the statute. But, nevertheless, the law treats it as valid and binding, since the defendant, by omitting to raise the question at the proper time and in the proper way, is deemed to have waived the necessity of proof such as the statute requires.

If this constitutes a waiver why not hold that any other course equivalent to it is a waiver also? What real difference can there be in principle between such a case and the one at bar, where the defendant, failing to plead the statute, allowed verbal proof to be given of the agreement alleged in the complaint at the trial without objection? It is difficult to show that there is any satisfactory distinction in reason between the two cases. But the important question in the case, and upon which we prefer to let the decision rest, is whether, in the light of the adjudged cases, it is not necessary for a defendant who intends to avail himself of the benefit of the statute, as a defense to an action for damages for breach of a verbal agreement, within the statute, to specifically plead it.

It is safe enough to premise that the authorities are not all in harmony on this question any more than they are upon many other questions with respect to the construction and application of the statute itself. In England, under the rules framed in pursuance of the Judicature Act, and in some of our sister states, it is necessary to plead the statute. (Am. & Eng.

Ency. of Law, p. 747, vol. 8, note 2; *Graffam* v. *Pierce*, 143 Mass. 386; *Lawrence* v. *Chase*, 54 Me. 196; *Farwell* v. *Tillson*, 76 id. 227; *Bird* v. *Munroe*, 66 id. 346; *Boston Duck Co.* v. *Dewey*, 6 Gray, 446.)

In this state cases may be found where the opinion is expressed that the defendant may avail himself at the trial of the benefit of the statute, under the general issue, by objection to verbal proof of the contract. Some of these cases and, perhaps, the principal ones, have already been cited to show when and how the defendant is deemed to have waived the benefit of the statute by admitting the allegations of the complaint. It is proper, I think, to observe that they are cases where the complaint was admitted in some way or the decision was before the Code or founded upon authority antecedent to it. The recent cases in this court sustain the view that it is necessary to plead the statute. In *Porter* v. *Wormser* (94 N. Y. 450), Judge ANDREWS said: "The general rule is that the defense of the Statute of Frauds must be pleaded. * * * It cannot be doubted that if the defendants had brought an action to recover a balance claimed to be due on the contract for the purchase of the bonds without disclosing whether the contract was oral or written, the plaintiff would have been bound to plead the statute to avail himself of its protection." In that case the plaintiff had recognized the existence of the contract by bringing an action upon it, and it was held that he was not in a position to question the validity of it under the statute.

In *Hamer* v. *Sidway* (124 N. Y. 538), the action was against the executors of a deceased person upon a verbal promise to his nephew that he would give him a large sum of money at twenty-one, if, in the meantime, he would abstain from the use of liquor, cigars, billiards, etc. The promise was confirmed by a letter from the uncle after the boy became of age. It was insisted that the promise was within the statute. After stating that the deceased had waived the defense by his letter and statements subsequent to the time of performance, the court, PARKER, J., delivering the opinion, said:

"Were it otherwise the statute could not now be invoked in aid of the defendant. It does not appear on the face of the complaint that the agreement is one prohibited by the Statute of Frauds, and, therefore, such defense cannot be made available unless set up in the answer." In *Wells* v. *Monihan* (129 N. Y. 161), the action was upon a written promise to pay the debt of another without expressing any consideration, and it was urged upon the argument here that it was void under the statute. Passing upon that point, Judge FINCH said : "So far as the defense in this case rests upon the Statute of Frauds it must fail for two reasons : No such defense has been pleaded, and it is not raised by the averments of the complaint, and without one or the other of these conditions the defense, if existing, cannot be made available."

Without referring to other cases in which the precise point does not seem to have been discussed or noticed, sufficient appears to show the tendency of late decisions in this court. They announce a rule well settled and familiar in analogous cases. The Statute of Frauds is a shield which a party may use or not for his protection just as he may use the Statute of Limitations, the statute against usury, that against betting and gaming, and others that might be mentioned. I take it to be a general rule of universal application that the statutes last mentioned are not available to a party unless specifically pleaded, and there is no reason for making the Statute of Frauds an exception to the rule.

The present system of procedure is founded upon the idea that litigants should, when possible, know in advance the precise questions they must meet at the trial. When a contract is set out in the complaint as the cause of action, and the defendant intends to assail it on some special or statutory ground, the general spirit of the system is not complied with unless notice is given of this intention to the opposing party by the pleadings.

In the solution of this question the provisions of the Code should not be overlooked. The statute may be used as a defense to actions on certain agreements. A defense must

now be presented, either by demurrer or answer. (Code, § 487.).

When the defect in the plaintiff's cause of action appears on the face of the complaint, the defense must be interposed by demurrer. (§ 488.) When the complaint does not, as in this case, disclose an invalid agreement upon its face, but it is, in fact, invalid for some reason, the defendant must take the objection by answer (§ 498), and if the objection is not taken in either way, the defendant is deemed to have waived it. (§ 499.) The conclusion is thus reached that the defendant waived the benefit of the statute in this case by omitting to plead it.

It is claimed by the learned counsel for the plaintiff, that the agreement, as pleaded and proven, was not within the statute since it amounted to a renting of apartments in a city house for business purposes, with board and lodging added, and was, therefore, good as a verbal lease for one year. (*Blumenthal* v. *Bloomingdale*, 100 N. Y. 558; *Laughran* v. *Smith*, 75 id. 209; *Reeder* v. *Sayre*, 70 id. 184; *Oliver* v. *Moore*, 53 Hun, 472; *S. C.* affd., 131 N. Y. 589.)

It is unnecessary to consider this question, as the conclusion reached with reference to the question of pleading is fatal to the appeal.

The judgment should be affirmed.

All concur, except EARL and PECKHAM, JJ., dissenting.

Judgment affirmed.