Helen Matthews, Respondent and Appellant, *v.* Fannie H. Matthews, as Administratrix of Horace Matthews, Deceased, Appellant and Respondent.

1. Statute of Frauds — Pleading. The defense of the Statute of Frauds, to be available, must be pleaded.

2. Action on Oral Contract. In an action on an oral contract within the Statute of Frauds, where the complaint does not disclose the nature of the contract, whether oral or written, the defendant must plead the statute in order to avail himself of the objection.

3. Denial of Contract. The mere denial, in the answer, of the contract alleged in the complaint, when the character of the contract is not disclosed, does not entitle the defendant to attack the validity of the contract under the Statute of Frauds, upon the trial.

4. Consideration. The breaking up of one's home, disposing of property at a sacrifice, removing to another locality, and there going into possession of another's premises and furnishing him with a home, at his request and direction, constitute a good consideration for a contract on the latter's part to convey his premises.

5. Action for Damages for Breach of Oral Contract to Convey Realty. If, in an action for damages for breach of a contract to convey

realty, the complaint does not disclose whether the contract was oral or written, and the answer does not set up the Statute of Frauds, no objection to proof of an oral contract, or to the validity of such a contract, under the statute, can be raised by the defendant upon the trial; and if an oral contract, on a good consideration and to the effect alleged in the complaint, is proved, it will warrant a recovery of damages for non-performance the same as if it had been written.

*Matthews* v. *Matthews*, 8 App. Div. 616, reversed.

(Argued October 26, 1897; decided November 23, 1897.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 2, 1896, which modified and, as modified, affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to recover damages for the breach of an alleged contract, by which the defendant, Horace Matthews, agreed to transfer his property to the plaintiff and her husband, in consideration of their removing from Pierrepont, St. Lawrence county, to Keeseville, Clinton county, and going into possession of the defendant's house, lands and personal property, and there making a home for him for life. The complaint did not show whether the alleged contract was oral or written. The answer contained a general denial, but did not set up the Statute of Frauds. The trial court awarded the plaintiff $947 and interest; the Appellate Division reduced the recovery to the sum of $70, composed of items for certain repairs made for, and produce furnished to, the defendant. Subsequently to the argument in the Appellate Division, the defendant died, and the action was continued in the name of his administratrix.

Further facts are stated in the opinion.

*C. C. Van Kirk* for plaintiff. The contract set forth in the complaint and proved upon the trial is a valid contract for the purposes of this trial. (*Crane* v. *Powell*, 139 N. Y. 379; *Hamer* v. *Sidway*, 124 N. Y. 538; *Porter* v. *Wormser*, 94 N. Y. 431; *Wells* v. *Monihan*, 129 N. Y. 164; *Honsinger* v. *Mulford*, 90 Hun, 589.) The contract thus being valid (the defense of the statute having been waived), plaintiff stands

before this court in the same position as if the contract had been in writing, and is entitled to damages for breach of the contract. (*Burtis* v. *Thompson*, 42 N. Y. 246 ; Sedg. on Dam. [8th ed.] § 227 ; *Howard* v. *Daly*, 61 N. Y. 362.) The plaintiff having shown part performance and having taken possession of the premises under the contract and at the request of defendant's intestate, the contract is taken out of the operation of the Statute of Frauds. (*Miller* v. *Ball*, 64 N. Y. 286 ; *Young* v. *Overbaugh*, 145 N. Y. 158 ; *Lobdell* v. *Lobdell*, 36 N. Y. 327 ; *Freeman* v. *Freeman*, 43 N. Y. 34 ; *Sternberger* v. *McGovern*, 56 N. Y. 12 ; *Murtha* v. *Curley*, 90 N. Y. 372 ; *Bell* v. *Merrifield*, 109 N. Y. 202 ; *Buess* v. *Koch*, 10 Hun, 301 ; *Cuff* v. *Dorland*, 55 Barb. 481 ; *Lawrence* v. *S. L. R. Co.*, 36 Hun, 467.)

*A. W. Boynton* for defendant. The invalidity of the contract under which plaintiff claims to recover having been expressly decided by this court, the case is brought directly within the condemnation of the rule that no recovery can be based upon the breach of an invalid contract. (*Dung* v. *Parker*, 52 N. Y. 494 ; *Mills* v. *Gould*, 10 J. & S. 119 ; *Blumenthal* v. *Bloomingdale*, 100 N. Y. 558 ; *Lawrence* v. *Smith*, 27 How. Pr. 327 ; *Harsha* v. *Reid*, 45 N. Y. 415 ; *Baldwin* v. *Palmer*, 10 N. Y. 232 ; *Erben* v. *Lorillard*, 19 N. Y. 301 ; 2 Addison on Cont. 714 ; *Matthews* v. *Matthews*, 133 N. Y. 679 ; *Higgins* v. *D., L. & W. R. R. Co.*, 60 N. Y. 553 ; *McHenry* v. *Hazard*, 45 N. Y. 580.) The case of *Crane* v. *Powell* (139 N. Y. 379), and cases following it, do not sustain the decision in this case, since in that case there was no general denial in the answer, and no specific objection to the admission of the evidence when offered as there were in this.

Under a general denial the defendant must be permitted to controvert by evidence everything which the plaintiff is bound in the first instance to prove to make out her cause of action, and the plaintiff must be prepared to prove a valid contract if she expects to recover damages for the breach

thereof; and her evidence, if objected to, must satisfy the requirements of the Statute of Frauds, or any other statute. (*Griffin* v. *L. I. R. R. Co.*, 101 N. Y. 354; *Simis* v. *Wissel*, 10 App. Div. 326; *Milbank* v. *Jones*, 127 N. Y. 376; *Arnold* v. *Angell*, 62 N. Y. 508; 20 Abb. [N. C.] 333; *Duffy* v. *O'Donovan*, 46 N. Y. 226; *Quackenbush* v. *Ehle*, 5 Barb. 469; *Robinson* v. *Raynor*, 28 N. Y. 494; *Shakespeare* v. *Markham*, 72 N. Y. 400; *Bonesteel* v. *Van Etten*, 20 Hun, 470.) It was error for the trial court to allow evidence of items of damages and services not pleaded in the complaint or mentioned in plaintiff's bill of particulars. (*Matthews* v. *Hubbard*, 47 N. Y. 428; Code Civ. Pro. § 531; *Southwick* v. *F. Nat. Bank*, 84 N. Y. 420; *Stevens* v. *Mayor, etc.*, 84 N. Y. 296.) It was error for the court to allow plaintiff interest. (*White* v. *Miller*, 78 N. Y. 396; *McMaster* v. *State*, 108 N. Y. 542; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 114 N. Y. 331.)

ANDREWS, Ch. J. Subsequently to the decision of the former appeal in this case (133 N. Y. 681), the case of *Crane* v. *Powell* (139 N. Y. 379) came before the court, in which the controverted question was whether, in an action on an oral contract, within the Statute of Frauds, where the complaint did not disclose the nature of the contract, whether oral or written, it was necessary for the defendant to plead the statute in order to avail himself of the objection. The question was distinctly decided in that case, and it was held that the statute was a defense, and unless pleaded was not available to the defendant to defeat the action. The case must be regarded as settling the law of this state upon a question upon which courts of different jurisdictions have differed in opinion. This court regarded the rule adopted in *Crane* v. *Powell* as sound in principle and as supported by the rule applied in analogous cases.

It is plain, upon the view that the Statute of Frauds does not make an oral contract within its terms illegal, but only voidable at the election of the party sought to be charged, that

such election must be manifested in some affirmative way. The mere denial in the answer of the contract alleged in the complaint, when the character of the contract is not disclosed, is quite consistent with an intention to put in issue simply the fact whether any agreement was entered into, either oral or written. One of the rules established by the English Judicature Act, as amended in 1873 (38 & 39 Vict., ch. 77, rule 19), ordained that, " where a contract is alleged in any pleading, a bare denial of the contract by the opposite party shall be construed only as a denial of the making of the contract, and not of its legality or its sufficiency in law, whether with reference to the Statute of Frauds or otherwise," and in *Towle* v. *Topham* (37 L. T. [N. S.] 309), JESSEL, M. R., applied the rule to the pleadings in an equity case. The statutory rule enacted by the English Judicature Act was regarded by this court in *Crane* v. *Powell,* as declaring the true rule independently of statute.

The mere denial in the answer in the present case of the contract alleged in the complaint did not, therefore, raise any question under the Statute of Frauds, and it could not be raised by objection on the trial, to the proof of the oral contract, for the very conclusive reason that the statute must be pleaded before the validity of the contract on that ground can be assailed. Regarding the agreement alleged and found in this case as one for the sale or conveyance to the plaintiff of the house and lot, and applying the rule established in *Crane* v. *Powell,* it is plain that it must be treated as a valid contract, and its breach by the original defendant (who has died since the last trial) as giving a right of action for damages, as if the contract had been written and not oral. The complaint alleged a contract founded on a good consideration, but did not allege whether it was oral or written. The defendant in his answer denied the making of the contract alleged, but did not plead the Statute of Frauds as a defense. On the trial the plaintiff proved an oral contract, to the effect stated in the complaint. The defendant objected that the oral contract was void by the Statute of Frauds, but the objection was over-

ruled. There was no amendment of the pleadings, and the judge before whom the case was tried found that the plaintiff and her husband had, in fulfillment of the contract on their part, broken up their home in St. Lawrence county, and, at the defendant's request and by his direction, had disposed of their property there at a great sacrifice, and removed to Clinton county and taken possession of the house and lot and other lands of the defendant, and furnished him a home until, without fault on their part, the defendant ejected the plaintiff and her husband from the premises, and afterwards, before the commencement of the action, conveyed the house and lot to a stranger, thereby disabling himself from performing his contract to convey the house and lot to the plaintiff. The judge found that the plaintiff and her husband had in every substantial particular performed the contract on their part, and at all times had been ready and willing to perform the same. He awarded to the plaintiff damages in the sum of nine hundred and forty-seven dollars, with interest, which sum was two hundred and fifty dollars less than the conceded value of the house and lot, and was no more than the actual loss incurred by the plaintiff and her husband in the sale of their property in St. Lawrence county, the expense of removing to Clinton county, the value of repairs made by them on the defendant's buildings, and of services, board, &c. The plaintiff, in her original right and as assignee of her husband, represents the claims of both. It is not claimed that the damages awarded are excessive or that they exceed the true measure of damages, if the oral contract is to be treated as valid. It is insisted, however, that the decision of the case in this court on the former appeal (133 N. Y. 681) is a binding adjudication that the contract was invalid. But that decision was rendered before the case of *Crane* v. *Powell* had settled the rule in this state that the defense of the Statute of Frauds, to be available, must be pleaded. The defendant in his argument on the former appeal insisted upon the invalidity of the oral contract, and it was assumed by the court and by counsel that the defendant was in a position to avail himself of that

defense, unless there had been such part performance as in equity would take the case out of the statute. Upon the trial now under review the plaintiff relied upon the case of *Crane* v. *Powell,* and insisted that the question of the validity of the oral contract within the statute could not be raised by the defendant, and this contention was sustained by the court. We think the circumstances justified the learned judge in treating the question as *res nova,* unembarrassed by the former decision, and so treating it we are of opinion that the judgment of the Special Term was justified by the evidence and by the law, and that the modification made by the Appellate Division was erroneous.

The judgment of the Appellate Division should, therefore, be reversed, and the judgment of the Special Term affirmed.

All concur.

Judgment reversed.