MILLER v. MUNROE et al.

(Supreme Court, Appellate Division, Third Department. March 6, 1901.)

1. EXPRESS TRUST—CREATION—USES AND TRUSTS.

A complaint which alleges that plaintiff agreed with one S. for the purchase of certain premises; that S., the plaintiff, and defendant further agreed that the property should be taken in the name of the defendant for the benefit of plaintiff; and that the contract was so executed; that defendant paid no part of the price,—bases plaintiff's right to recover on an express contract, with which the statute of uses and trusts has nothing to do.

2. SAME—ENFORCEMENT—PLEADING.

In an action to enforce a contract creating an express trust in land, it is not necessary to allege in the complaint that such contract is in writing, and, if defendant wishes to avail himself of the statute of frauds requiring written proof of a contract, he must plead the statute as a defense, or he will be deemed to have waived it.

Appeal from judgment on report of referee.

Action by Isabella Miller against Mary J. Munroe and another. From a judgment on a referee's report dismissing the action on the ground that the complaint did not state facts sufficient to constitute a cause of action, the plaintiff appeals. Reversed.

The following is the complaint:

"The above-named plaintiff for a complaint against the defendants alleges: That heretofore and prior to July 26, 1865, this plaintiff entered into an agreement with one Joseph Smithers for the purchase of the premises hereinafter described in 'Schedule A,' which schedule is hereby made a part of this complaint; that at or about the time of entering into said agreement with said Smithers this plaintiff and the defendant Mary Jane Munroe entered into another and further agreement, whereby it was agreed that the contract for the purchase of said premises should be taken in the name of the defendant Mary Jane Munroe, who was to hold the same for the benefit of this plaintiff; that thereafter said contract was executed by said Smithers to the defendant; that said defendant Mary Jane Munroe paid no part of the payment made upon said contract, and gave no consideration whatever for said premises; that thereafter, and on the 26th day of July, 1865, this plaintiff paid to said Smithers the sum of one thousand ($1,000) dollars, being the full purchase price of said premises, and under and in pursuance of said agreement, heretofore set forth, made with the defendant, the deed from said Smithers and wife was made to the defendant Mary Jane Munroe, who took the same, and agreed to hold it as trustee for this plaintiff, and to reconvey said premises to her upon demand; that plaintiff paid the whole of the purchase price, and the said defendant paid no part thereof, and gave no consideration of any kind or nature towards the purchase of said premises or the purchase price thereof, or for and in consideration of the deed being made to her as afore-

said; that thereafter, and during a long term of years, said premises were controlled entirely by this plaintiff, who collected the rents, and to whom said property was assessed and the taxes paid by her; that, although the deed stood in the name of the said defendant Mary Jane Munroe, this plaintiff moved to said premises and occupied the same, and while so occupying the same had control thereof; that thereafter this plaintiff requested and de-, manded of the defendant that she execute a deed of the premises to this plaintiff in pursuance of said agreement, whereby it was agreed that said defendant Mary Jane Munroe should take the title to said premises as trustee, and should convey the same to this plaintiff upon demand; that said defendant refused, and still refuses, to convey said premises to this plaintiff; that plaintiff is informed and believes that, for the purpose of embarrassing plaintiff, the said defendant Mary Jane Munroe conveyed, or purported to convey, said premises to the said defendant Lorena M. McBratney, on or about the 20th day of June, 1898, but which said conveyance was without consideration, and was wholly voluntary upon the part of the defendant Mary Jane Munroe, and was accepted by the said defendant Lorena M. McBratney with full knowledge of the rights and interests of this plaintiff, and without paying any consideration whatsoever for said conveyance. Plaintiff further alleges that said conveyance by the said defendant Mary Jane Munroe to the defendant Lorena M. McBratney was made for the purpose of embarrassing this plaintiff, and to cheat and defraud her of her rights and interests in said property, and was made and accepted with full knowledge that in truth and in fact this plaintiff was the owner of the said premises, and entitled to a conveyance of the same. Wherefore plaintiff demands judgment that the conveyance heretofore made on the 20th day of June, 1898, by the defendant Mary Jane Munroe to the defendant Lorena M. McBratney, be canceled and set aside, it being in fraud of the rights of this plaintiff; that defendants be directed to convey said premises to the plaintiff; with such other and further relief as may be just and proper in the premises, together with the costs of this action."

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Charles A. Kellogg, for appellant.
George E. Van Kennen, for respondents.

KELLOGG, J. From the record before us it would appear that the learned referee was of the opinion that the statute of uses and trusts operated to make the facts stated in the complaint insufficient to enable plaintiff to recover, though all the facts stated were conceded to be true. In this we think he was clearly in error. The complaint alleges an agreement; it does not say it was an oral agreement. Nor does it say it was in writing, but, upon a motion of this nature, it must be assumed that the agreement was in such form as to be provable. If the alleged agreement was in fact evidenced by a writing, so as to relieve it from any infirmity which the statute of frauds imposes, without doubt the alleged agreement would not only be provable, but enforceable. The agreement itself was a lawful agreement, and supported by a sufficient consideration. The complaint does not stand upon the old common-law right by implication that where the conveyance of title in land is to A., and the consideration is paid by B., A. must be deemed in law only a trustee of the title for B., until A. proves some better right. That mischievous implication has been abolished by this statute against such implied resulting trust. The complaint places plaintiff's right to recover upon an express contract, with which the statute of uses and trusts has

nothing to do. And whether plaintiff can recover will depend wholly upon her being able to establish a legal contract or a contract supported by the subsequent facts which shall be deemed in equity sufficient. It is not necessary to allege in a complaint that such a contract was in writing; indeed, it will not be necessary on trial to show that it was in writing. Under the common law, such a contract was good if verbal, and if the defendants wish to avail themselves of the statute of frauds, requiring better proof, they must plead the statute as a defense or they will be deemed to have waived it. This is plainly declared in numerous cases as the rule of practice in this state. Matthews v. Matthews, 154 N. Y. 288, 48 N. E. 531; Honsinger v. Mulford, 157 N. Y. 675, 51 N. E. 1091, affirming same case reported in 90 Hun, 589, 35 N. Y. Supp. 986; Sanger v. French, 157 N. Y. 213, 51 N. E. 979; Crane v. Powell, 139 N. Y. 379, 34 N. E. 911.

We express no opinion as to the ultimate effect of the statute of uses and trusts upon the facts which may be disclosed in this case upon trial, since it appears to us that at this time the force of that statute is not involved.

The judgment is reversed, the referee discharged, and a new trial granted, with costs to the appellant to abide the event. All concur.