## LEGGETT v. CAMPBELL.

(Supreme Court, Special Term, New York County. February 9, 1905.)

1. FRAUDS, STATUTE OF—PLEADING—NECESSITY OF RAISING OBJECTION.

Although a contract appears on the face of the complaint to be within the statute of frauds, it is nevertheless enforceable, unless defendant by demurrer or answer distinctly interposes the bar of the statute.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, § 363.]

2. SAME—MODE OF RAISING OBJECTION.

Under Code Civ. Proc. § 488, authorizing defendant to demur to the complaint where objections appear on the face thereof, the bar of the statute of frauds may be interposed, either by demurrer or by answer, where the complaint shows on its face that the contract sued on is within the statute.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, §§ 360–362.]

**3. SAME—NECESSITY OF ANSWER.**

Where the complaint on a contract within the·statute of frauds does not show upon its face whether the contract was in writing or not, the defense of the statute of frauds cannot be raised by demurrer, but must be made by answer, under Code Civ. Proc. § 498, requiring objections for defects not apparent on the face of the complaint to be taken ·by answer.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, §§ 360–362.]

Action by one Leggett against one Campbell. On demurrer to the complaint. Overruled.

CLARKE, J. Demurrer to a complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The action is to recover damages for breach of a written contract, a copy of which contract is annexed to the complaint. The complaint alleges that in and by said agreement the defendant, in consideration of $75,000, to be paid him within 30 days, promised and agreed to give to the said plaintiffs the option to purchase certain mining properties for the consideration of said $75,000, and of the further agreements in said agreement contained, and further in said agreement agreed that, if the plaintiffs accepted the said option by the payment of said $75,000 within 30 days from the date of said agreement, then the said .plaintiffs were to have until on or about January 1, 1904, to explore and examine said mining properties, and to exercise their said·option to purchase said properties, and in case the plaintiffs decided to purchase·said properties the defendant promised and agreed to forthwith convey a perfect title to said properties; that in pursuance of said agreement the plaintiffs did accept said option to purchase said mining properties by the payment of said $75,000, and did pay the same within 30 days from the date of the agreement; that thereafter the time within which the plaintiffs were to complete their examination and exploration of said mining properties, and to exercise said option as provided in said agreement, was duly extended by the parties to said agreement from ·January. 1, 1904 (the time set in said agreement), to January 1, 1905; that thereafter and on or about the 25th of July, 1904, plaintiffs duly notified the defendant that they accepted the said mining properties, and demanded of said defendant that he convey the title to said mining properties as provided in said agreement, and the plaintiffs complied with all the requirements on their part in said agreement contained, but the defendant neglected, failed, and refused to convey and deliver the title to said properties as in and by the terms of said agreement he had agreed to do; that the said defendant is not possessed of a good title to the mining properties aforesaid, and that he is unable to convey or deliver a good and perfect title to the same in accordance with the terms of the agreement; that by the terms of· said agreement the defendant promised and agreed that in case, for any reason, the defendant be unable to deliver a perfect

title to the said properties, he shall forthwith return to said plaintiffs the said $75,000, with interest; that in accordance with the terms of said agreement, on or about the 16th of September, 1904, the plaintiffs duly demanded of the said defendant the repayment of the said sum of $75,000, but the defendant refused, and the same remains wholly unpaid, and therefore they demand judgment for said sum.

The defendant urges but one point in support of his demurrer: That the extension agreement, which provides "that thereafter the time within which the plaintiffs were to complete their examination and exploration of said mining properties and to exercise said option as provided in said agreement, was duly extended by the parties to said agreement from January 1, 1904 (the time set in said agreement), to January 1, 1905," is invalid under the statute of frauds, unless made in writing, as it is a contract not to be performed within one year from the time of its making. He urges that as there is no allegation that the extension agreement was in writing, and as unless in writing it is invalid, objection thereto may be made either by demurrer or answer. If the complaint at bar, in plain terms, had said that "the time within which the plaintiffs were to complete their examination, etc., was extended by a verbal agreement," this would still have been a good complaint upon an enforceable agreement unless the defendant had distinctly raised the point. "The statute of frauds does not prohibit the making of any agreement in any way that the parties may see fit, nor render them illegal or immoral if not made in some particular way. It simply requires that certain agreements must be proved by a writing. It introduced a new rule of evidence in certain cases, without condemning as illegal any contract that was legal before. * * * The statute of frauds is a shield which a party may use or not for his protection." Crane v. Powell, 139 N. Y. 379, 34 N. E. 911. "It is plain, upon the view that the statute of frauds does not make an oral contract within its terms illegal, but only voidable at the election of the party sought to be charged, that such election must be manifested in some affirmative way." Matthews v. Matthews, 154 N. Y. 288, 48 N. E. 531. But it would have been open to demurrer, because the objection would have appeared on the face of the complaint (section 488 of the Code), or it might have been taken by answer (Seamans v. Barentsen [decided by the Court of Appeals January 24, 1905] 73 N. E. 42). But in this complaint it does not appear upon the face thereof. For all that appears the extension agreement may have been in writing. "It does not appear on the face of the complaint that the agreement is one prohibited by the statute of frauds, and therefore such defense could not be made available unless set up in the answer." Hamer v. Sidway, 124 N. Y., at page 548, 27 N. E. 256 (12 L. R. A. 463, 21 Am. St. Rep. 693), citing Porter v. Wormser, 94 N. Y. 450. "When the complaint does not disclose an invalid agreement upon its face, but it is in fact invalid for some reason, the defendant must take the objection by answer (section 498)." Crane v. Powell, 139 N. Y. at page 389, 34 N. E. 911. "In Crane v. Powell the controverted question was whether, in an action on an oral contract within the statute

of frauds, where the complaint did not disclose the nature of the contract, whether oral or written, it was necessary for the defendant to plead the statute in order to avail himself of the objection. The question was distinctly decided in that case, and it was held that the statute was a defense, and, unless pleaded, was not available to the defendant to defeat the action. The case must be regarded as settling the law of this state upon a question upon which courts of different jurisdictions have differed in opinion. Matthews v. Matthews, 154 N. Y., at page 291, 48 N. E. 531, followed Honsiger v. Mulford, 157 N. Y. 674, 51 N. E. 1091. The Appellate Division, in Miller v. Munroe, 59 App. Div. 623, 69 N. Y. Supp. 861, said:

"The complaint alleges an agreement. It does not say it was an oral agreement. Nor does it say it was in writing. * * * It is not necessary to allege in a complaint that such a contract was in writing; indeed, it will not be necessary on trial to show that it was in writing. Under the common law such a contract was good if verbal, and if the defendants wish to avail themselves of the statute of frauds requiring better proof they must plead the statute as a defense, or they will be deemed to have waived it."

Demurrer overruled, with costs, with leave to defendant to withdraw demurrer and answer over upon payment of costs and within 20 days.