## WEISINGER et al. v. BROWNSTEIN et al.

### (Supreme Court, Appellate Term. December 12, 1907.)

**1. SALES—CONTRACT—PARTIES TO WHOM CREDIT GIVEN—PROMISE TO ANSWER FOR DEBT OF ANOTHER.**

In an action for goods sold and delivered, one of the plaintiffs testified that P., a third person, asked for certain goods, and said that B., one of the defendants, would guarantee payment. The witness went to B., who refused to guarantee at the time, but subsequently sent word that he would be responsible for $100. Another plaintiff testified that B. agreed to be responsible for $100, but not for more; that it was before any goods were delivered to P.; that B. and his partner, the other defendant, agreed to be responsible up to $100, and if P. did not pay the bill they would pay it. B. testified that he said he would be good for the bill to be sent on a certain date, and that he would pay for any goods P. did not pay for. *Held*, that the intent of the parties was not a sale and delivery, with credit given to defendants, but that the sale and delivery and credit were to P., and defendants merely contracted to pay the debt in case of P.'s default.

**2. FRAUDS, STATUTE OF—PLEADING STATUTE AS DEFENSE—NECESSITY.**

The statute of frauds is a defense, and must be pleaded.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, § 363.]

**3. SALES—ACTIONS FOR PRICE—PLEADING AND PROOF—VARIANCE.**

Where a complaint is for goods sold and delivered, and the evidence establishes merely a promise to answer for the default of another in case he fails to pay for goods purchased by him, the variance is fatal, and defendant is not called upon to controvert the proof offered, or to plead the statute of frauds.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 1025–1043.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Joseph Weisinger and another against Joseph Brownstein and another. From a judgment for plaintiffs, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Jacob Gordon, for appellants.

Bennett G. Siegelstein, for respondents.

GUY, J. Appeal from judgment in favor of the plaintiffs for balance alleged to be due for goods sold and delivered to defendant. The answer is a general denial. One of the plaintiffs testified that:

"Perlmutter came up to me, and asked me I should give him goods; and I told him I can't give him any. He says he will give me a guarantee for it. I asked him who is guaranteeing, and he said Brownstein. Then I went to Brownstein and Javetz, and said if he will be guarantee for the goods; and he said, 'no,' he don't want any."

He also testified that subsequently Brownstein sent a man and "told me I should give him the goods; that he is responsible for a hundred dollars;" that the goods were delivered to Perlmutter in Philadelphia.

Joseph Weisinger, another plaintiff, testified Brownstein said:

"I should give his brother-in-law for a hundred dollars worth of goods, and he would not be responsible for more. If he would not pay, I will pay. That

was before I sent any goods. The first time I saw Brownstein and Javetz, they said they would be responsible up to $100, and if this man in Philadelphia didn't pay the bill, they would pay the bill."

Benjamin Brownstein, the defendant, testified:

"I said to the plaintiff: 'I am good for this bill; which you will send December 6th. Any goods the man don't pay, I will pay for it.'"

Max Perlmutter, called as a witness for defendants, testified:

"I have asked them, they should give me goods. They have answered me, they can't give me any except I will give them a guarantee."

The witness further testified that he bought only $185 worth of goods, and paid $34 on account, and paid two other bills C. O. D.; that the goods were shipped direct to him, and the bills were made out to him and sent to him; that he gave an order for goods himself by mail. "I was going to pay for these goods, but I have not got it."

On all the evidence it seems clear that it was not the intention of the parties that goods should be sold and delivered and credit given to defendants, but that such sale and delivery and credit were to Perlmutter; the defendants merely contracting to pay such debt of Perlmutter in the event of his default of payment.

The defendant moved to dismiss the complaint, and now seeks to have the verdict set aside on the ground that such an oral contract is void under the statute of frauds. The defendant, however, cannot avail himself of this defense, for the reason that it is not pleaded in the answer. It is now well settled by the decisions of this state that the statute is a defense, and, unless pleaded, is not available to the defendant to defeat the action. See Crane v. Powell, 139 N. Y. 379, 34 N. E. 911. In Matthews v. Matthews, 154 N. Y. 291, 48 N. E. 531, Andrews, C. J., says:

"It is plain, upon the view that the statute of frauds does not make an oral contract within its terms illegal, but only voidable at the election of the party sought to be charged, that such election must be manifested in some affirmative way. * * * One of the rules established by the English judicature act, as amended in 1873, ordained that 'where a contract is alleged in any pleading, a bare denial of the contract by the opposite party shall be construed only as a denial of the making of the contract, and not of its legality or its sufficiency in law, whether with reference to the statute of frauds or otherwise.' * * * The statutory rule enacted by the English judicature act was regarded by this court in Crane v. Powell as declaring the true rule independently of statute. The mere denial in the answer in the present case of the contract alleged in the complaint did not, therefore, raise any question under the statute of frauds; and it could not be raised upon objection at the trial to the proof of the oral contract, for the very conclusive reason that the statute must be pleaded before the validity of the contract on that ground can be assailed."

The defendant appellant also contends that the action was for goods sold and delivered to the defendants and the proof failed to establish such cause of action. The complaint alleges that heretofore, and on the 1st day of December, 1906, plaintiffs at the special instance and request of defendants sold and delivered goods, wares, and merchandise of the agreed and reasonable value of $148.20, for which defendants promised and agreed to pay. The evidence of the plaintiffs fails utterly to establish such agreement, or such alleged sale and delivery

to the defendants. The defendants were not called upon under such an allegation to controvert proof offered of an agreement on the part of the defendants to answer for the debt of another, or to plead the statute of frauds. The plaintiffs having failed to establish the cause of action alleged in the complaint, it was error on the part of the trial justice to render judgment in favor of the plaintiffs.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.