## KRELL et al. v. STEIN et al.

(Supreme Court, Trial Term, Erie County.  January, 1911.)

1. DISMISSAL AND NONSUIT (§ 58*)—MISJOINDER OF PLAINTIFFS—WAIVER.

Under Code Civ. Proc. § 499, providing that objections to a complaint not taken by demurrer or answer are waived, any misjoinder of plaintiffs cannot be raised by motion to dismiss.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 134–139; Dec. Dig. § 58.*]

2. FRAUDS, STATUTE OF (§ 75*)—AGREEMENT TO DEVISE LAND.

An oral agreement to will property to grantor's children in consideration of a conveyance to testator is void under the statute of frauds as an agreement to convey land, where it appears that the agreement contemplated a gift of land by testator.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 132; Dec. Dig. § 75.*]

3. FRAUDS, STATUTE OF (§ 152*)—PLEADING—NECESSITY.

A defense that a contract is void under the statute of frauds as not being in writing must be pleaded.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 363–366; Dec. Dig. § 152.*]

4. FRAUDS, STATUTE OF (§ 153*)—PLEADING—SUFFICIENCY.

An answer that a contract sued on pertains to the transfer of land and is void under the statute of frauds is insufficient to raise a defense of the invalidity because the contract is not in writing.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 367; Dec. Dig. § 153.*]

5. WILLS (§ 59*)—CONTRACTS TO DEVISE—CONSIDERATION—SUFFICIENCY.

A conveyance to testator sustains his agreement to devise his property to grantor's children.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 166; Dec. Dig. § 59.*]

6. WILLS (§ 68*)—CONTRACTS TO DEVISE—CONSTRUCTION—EVIDENCE.

Allegation of a conveyance by plaintiffs' mother to testator as consideration for his agreement to will his property to plaintiffs is not sustained by proof of a conveyance by the mother to a fourth person, and a reconveyance by him to the mother and testator as tenants by the entirety, and the vesting of title in testator through survivorship.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 178–182; Dec. Dig. § 68.*]

7. WILLS (§ 58*)—CONTRACT TO DEVISE—EXECUTION—EVIDENCE—SUFFICIENCY.

Evidence *held* insufficient to establish a contract to will property.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 165; Dec. Dig. § 58.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Sarah A. Krell and others against Jacob J. Stein and another, Henry A. Schwartz's executors. Complaint dismissed.

Frank Harding and Frank C. Langdon, for plaintiffs.
Moses Shire and Cyrus L. Barber, for defendants.

BROWN, J. At the close of all the evidence, the defendants moved for a nonsuit and a direction of a verdict of no cause of action; the court stating that upon the determination of the question of fact as to whether the disposition of his property by Henry A. Schwartz by his will was a substantial compliance with any agreement he had made with Barbara Schwartz, that, as the rights of the parties would depend upon the law, the disposition of such motion would be held until the verdict of the jury upon that question. Counsel for plaintiffs and defendants summed up their case to the jury. The jury was charged, and the following question submitted to them: Did Henry Schwartz by his will substantially comply with the provisions of any agreement he had made with Barbara Schwartz? The jury rendered a verdict answering the inquiry in the negative; thereupon the plaintiffs moved for a direction of a verdict or for judgment in their favor upon the special verdict.

The plaintiffs allege in their complaint that, in consideration of the conveyance by Barbara Schwartz of her farm to Henry Schwartz, he, Henry Schwartz, agreed that, upon his death, he would leave all his property to the plaintiffs and their sister, Lavina; that Barbara Schwartz did make such conveyance; that Henry Schwartz died in 1909 owning property worth $24,000, leaving a last will and testament, in and by which he left one-fourth of his estate to each of the plaintiffs for life, and the remainder to the children of plaintiffs and one-fourth to the children of Lavina, who predeceased Henry A. Schwartz. The complaint demands judgment for $18,000, three-fourths of the value of the estate, in the hands of the defendants, as damages for the breach of such contract.

Defendants' motion for dismissal of the complaint on the ground that there is a misjoinder of parties plaintiff must be denied. If it was improper to join in one action the three plaintiffs interested in the recovery against the defendants for damages arising upon the breach of the alleged agreement of Henry A. Schwartz, defendants were bound to raise the objection by their pleadings. Sections 494, 499, Code Civ. Proc. Defendants' motion for a nonsuit and direction of a verdict of no cause of action upon the ground that the agreement on the part of Henry A. Schwartz was an agreement to convey real estate, that it was void under the statute of frauds, not being in writing, and that damages resulting from its nonperformance cannot be recovered in an action at law, presents a more serious question. While it is true that the complaint alleges the agreement on the part of Henry A. Schwartz to be that at his death he would give all his property to the children, it is also true that at the time of making the alleged agreement Henry A. Schwartz possessed no property. The consideration for such agreement is alleged to be the conveyance by Barbara Schwartz to Henry A. Schwartz of certain real estate called the farm. This farm

was to become the property of Henry, and it was this property, the farm, and such other property as might be owned by Henry that was the subject of the alleged agreement. It therefore follows that the property that the parties to the alleged agreement had in mind at the time of making the same was the farm then to be conveyed by Barbara to Henry, and the alleged agreement, being an agreement to convey real property, was void under the statute of frauds, for the reason that it was not in writing. The answer of the defendants alleges that the contract pertained to the transfer of real property, and was illegal and void under the statute of frauds. The answer does not allege that the contract was not in writing, and was void for that reason. In Vaupell v. Woodward, 2 Sandf. Ch. 143, it was held that the answer must allege that the contract was not in writing. Alleging that the contract is void is not sufficient to enable such pleader to avail himself of the statute of frauds or put the plaintiff to the proof of a contract in writing. In this case, however, the answer admitted the agreement. The statute declares that a contract such as is pleaded is void unless it is in writing. The defense that such a contract is not in writing must be pleaded. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911; Matthews v. Matthews, 154 N. Y. 288, 48 N. E. 531; Dearing v. McKinnon Co., 165 N. Y. 90, 58 N. E. 773, 80 Am. St. Rep. 708. The contract sued on is not void because it pertains to real estate, but because not in writing. Such fact not being alleged, the defendants cannot have the benefit of such statutory declaration.

Defendants' motion for direction of verdict of no cause of action upon the grounds, first, that there was no consideration for the alleged promise of Henry A. Schwartz to leave all his property to his children, and, second, that the plaintiff has failed to prove a contract made by Henry A. Schwartz to leave his property to the plaintiffs, must be granted. The consideration for the alleged agreement by Henry A. Schwartz that upon his death he would leave all his property to the plaintiffs and their sister, Lavina, is alleged in the complaint to be the conveyance of a farm by Barbara Schwartz, the mother of the plaintiffs and Lavina, to Henry A. Schwartz. Such consideration would make valid and binding the alleged agreement of Henry A. Schwartz. It appears, however, that Barbara Schwartz did not make such a conveyance. To prove that she did make such conveyance, the plaintiffs introduced in evidence a deed of the farm to William Spreckman in January, 1867, and a deed by William Spreckman to Henry A. Schwartz and Barbara Schwartz made on the same day as deed last mentioned. The contention of the plaintiffs is that as Henry and Barbara took under this deed as tenants by the entirety, and as Henry survived Barbara, he ultimately was vested with the entire title by reason of his survivorship; that it, in fact, was a conveyance by Barbara to Henry. The difficulty with such contention is that such a devolution of title in Henry is not alleged as a consideration for the alleged agreement of Henry to devise his property to the plaintiffs and their sister, Lavina. The consideration for Henry's alleged agreement was the conveyance to him, not a conveyance that would place the title in Barbara in the event that she outlived him. The alleged agreement on the part of Henry was that at his death he would devise all his

property to the plaintiffs and their sister, Lavina. If Barbara had survived Henry, is it to be supposed that Henry's property, whatever it might have been, could have been successfully claimed by the plaintiffs and Lavina? In that event, it would have been easy to demonstrate that there was no consideration whatever for the alleged agreement to devise to plaintiffs; in that event, Barbara would not have, in fact, made any conveyance to Henry. The foundation of the alleged agreement by Henry to devise his property to the plaintiffs was the conveyance by Barbara to Henry, which conveyance never was made. The consideration for Henry's alleged promise never passed to him, and such agreement cannot be the basis of a valid claim of the plaintiffs for damages by reason of its nonperformance.

The existence of the contract made in 1867 depends upon the recollection of Susan Spreckman, a sister of Henry A. Schwartz. Mrs. Spreckman was born in 1833, and at the time of the trial was 77 years of age. She testified that she was present when Barbara Schwartz conveyed the farm to William Spreckman, her husband, and that at the same time William Spreckman conveyed the farm to Henry A. Schwartz; that before the deeds were signed, and in the presence of Henry A. Schwartz, Barbara Schwartz said: "Henry agreed that if I would give him the farm, if I die before he does, he will give the farm to the whole children." Whereupon Henry said: "And I will do it." Upon cross-examination she testified that at the time of the execution of the deeds the talk was about Barbara deeding to Spreckman and Spreckman deeding to Henry; that Barbara said:

"Henry has agreed if I deed the farm to him, and if I should die before he dies, and he should live longer than I do, he would leave all his property to the children in equal shares. Henry said he would do it."

Later she testified that the agreement was that the deed was to go to her brother, and not to her brother Henry and his wife, Barbara. The remaining testimony of the existence of the alleged agreement consists of admissions made by Henry Schwartz that the farm or property would go to the children in equal shares. It is very evident that Mrs. Spreckman has forgotten, or did not hear, some of the conversation between Henry Schwartz and Barbara Schwartz. She heard nothing about deeding the farm to Henry A. Schwartz and Barbara Schwartz. The fact is that the deed is to both Henry and Barbara. She says that it was not the agreement that the farm should be deeded to Henry and Barbara. She is mistaken as to this important part. She is testifying to a conversation occurring 44 years ago. At one time she says Henry was to "give the farm to the whole children" and later she says Henry "would leave all his property to the children in equal shares." She is not attempting to recite what Henry said on two occasions or to give two statements of Henry's but she undertakes to state what Henry said once, and her two versions do not agree as to whether the farm or property was a subject of gift to the whole children, or that the children should be devisees in equal shares. It is very important to know all the conversation between Henry A. Schwartz and Barbara Schwartz upon the subject of making these deeds in order to surely determine by that conversation that Henry A.

Schwartz became legally bound to make no other disposition of his property in 1907 than to the plaintiffs absolutely. A court that is asked to award damages consisting of his entire estate for his failure to give his property to the plaintiff should have something more reliable than the recollection of this aged witness. The Court of Appeals in Hamlin v. Stevens, 177 N. Y. 39, 69 N. E. 118, Mahaney v. Carr, 175 N. Y. 454, 67 N. E. 903, and Ide v. Brown, 178 N. Y. 26, 70 N. E. 101, have spoken so plainly as to the requirements essential to establish a contract such as is asserted in this case that it cannot be said that the defendant Henry A. Schwartz became bound to devise his property to the plaintiffs, and that the plaintiffs have been damaged by the will of Henry A. Schwartz devising such property to the plaintiffs for life, and at their decease to the children of the plaintiffs.

Defendants are entitled to a judgment dismissing the complaint on the merits.

Let findings be prepared.