WALTER I. RUSSELL, Respondent, v. SOCIETE ANONYME DES ETABLISSEMENTS AEROXON, Defendant, and FRIEDRICH KAISER, Sued as FREDERICK KAISER, Appellant.— Order denying defendant Kaiser's motion to dismiss the complaint reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. The instrument Exhibit E is not a compliance with the Statute of Frauds so far as the defendant Kaiser individually is concerned. That instrument concerned the dealings of the plaintiff with the Belgian corporation. There is no allegation in either the complaint or the answer of what the law of Belgium, statute or otherwise, is in respect of such a transaction. Since an act claimed to have occurred in Belgium is invoked as a basis of plaintiff's claim against Kaiser individually, the law of that country would be pertinent and applicable if it were before this court. There is a presumption that the common law of this State obtains in other States and countries (*Smith* v. *Compania Litografica De La Habana,* 127 Misc. 508, 512; affd., 220 App. Div. 782), except in States or countries which administer the civil law (*Smith Case, supra*). Belgium administers the Code Belge, which is not based on the common law. Therefore, that presumption may not be invoked on that basis. However, the *lex loci contractus* being unknown, the *lex loci solutionis* may be invoked in this

action and the common law of the forum — the *lex fori* — must, therefore, be administered. There is authority to the effect that Lord Tenterden's Act, the English Statute of Frauds, became part of the common law of this State and of the colony and that our present Statute of Frauds is merely declaratory of that common law. (*Cahill Iron Works* v. *Pemberton*, 30 Abb. [N. C.] 450, 454.) The question has been considered (*Beers* v. *Hotchkiss*, 256 N. Y. 41, 53), and the weight of authority is to that effect. (1 Reed Stat. Frauds,· § 2, and cases cited therein; *Sanger* v. *Merritt*, 120 N. Y. 109.) Therefore, the law of the forum, requires that the obligation of the defendant Kaiser to respond to the plaintiff in a transaction of the character set out in the complaint be in writing and signed by the party to be charged therewith. The record discloses that there is no such writing. Therefore, the complaint, considered in connection with the bill of particulars, discloses this defect and is insufficient in law. The same conclusion results from the view that the requirement of a writing is a rule of evidence of the *lex fori*. (*Crane* v. *Powell*, 139 N. Y. 379, 384; *300 West End Ave. Corp.* v. *Warner*, 250 id. 221, 226; *Reilly* v. *Steinhart*, 217 id. 549, 553.) Lazansky, P. J., Hagarty, Carswell and Davis, JJ., concur; Kapper, J., dissents and votes to affirm.