Per Curiam.

The written memorandum sufficiently identifies defendant Horovitz as vendor (cf. Lerand Corporation v. Meltzer, 267 N. Y. 343; Irvmor Corp. v. Rodewald, 253 N. Y. 472) to satisfy the requirements of the Statute of Frauds (Real Property Law, § 259). It is open to plaintiff under the cases cited to plead that Horovitz acted for the corporate defendant, 49 West 72nd Street Corp., as undisclosed principal, without specifying whether the agency was in writing. The corporate defendant is not entitled to a dismissal of the complaint on motion based on affidavits on the theory that Horovitz was not authorized in writing to sign the contract of sale in its behalf, inasmuch as the burden of proving absence of written authority on this motion is on said defendant (Matthews v. Matthews, 154 N. Y. 288), and the proof that no such writing existed comes from the affidavit of the attorney for the corporate defendant itself. Manifestly he could have no personal knowledge on the subject and his credibility, in any event, is for the trier of the fact (Canajoharie National Bank v. Diefendorf, 123 N. Y. 191). This renders a decision unnecessary concerning whether defendant corporation would be estopped to deny the existence of written authority in Horovitz if he is the sole stockholder as alleged in the complaint.
The order, so far as appealed from, should be affirmed, with $20 costs and disbursements to the respondent, with leave to the defendant-appellant to answer within ten days after service of the order to be entered herein, on payment of said costs.
Martin, P. J., Cohn, Callahan, Peck, and Van Voorhis, JJ., concur.
Order, so far as appealed from, unanimously affirmed, with $20 costs and disbursements, with leave to the defendant-appellant to answer within ten days after service of the order, with notice of entry thereof, on payment of said costs. [187 Misc. 851.]